**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, REDWOOD COUNTY MINNESOTA CORN AND SOYBEAN GROWERS, PENNY NEWMAN GRAIN, INC., GROWTH ENERGY, RENEWABLE FUELS ASSOCIATION, REX NEDEREND, FRESNO COUNTY FARM BUREAU, NISEI FARMERS LEAGUE, and CALIFORNIA DAIRY CAMPAIGN,<br><br>    Plaintiffs,<br><br>   vs.<br><br>JAMES N. GOLDSTENE, Executive Officer of the California Air Resources Board,<br><br>    Defendants. | CASE NO. CV-F-09-2234 LJO DLB<br><br>**ORDER ON UNICA'S AMICUS CURIAE REQUEST** (Doc. 35) |
| NATIONAL PETROCHEMICAL & REFINERS ASSOCIATION, AMERICAN TRUCKING ASSOCIATIONS, CENTER FOR NORTH AMERICAN ENERGY SECURITY, and THE CONSUMER ENERGY ALLIANCE,<br><br>    Plaintiffs,<br><br>   vs.<br><br>JAMES GOLDSTENE, Executive Officer of the California Air Resources Board, MARY D. NICHOLS, DANIEL SPERLING, KEN YEAGER, DORENE D'ADAMO, BARBARA RIORDAN, JOHN R. BALMES, LYDIA H. KENNARD, SANDRA BERG, RON ROBERTS, RONALD O. LOVERIDGE, member of the California Air Resources Board; ARNOLD SCHWARZENEGGER, Governor of the state of Caliofrnia, and EDMUND BROWN, Attorney General of the state of California,<br><br>    Defendants.<br>_____/<br>and related intervenor actions and amici.<br>_____/ | CASE NO. CV-F-10-163 LJO DLB<br><br>**ORDER ON UNICA'S AMICUS CURIAE REQUEST** (Doc. 38) |

1

**BACKGROUND**

On May, 2010, the Brazilian Sugar Cane Industry Association ("UNICA") moved to appear as an amicus curiae in the above-titled actions. Because the pending motions to dismiss in the actions are set to be heard on May 26, 2010, this Court set an expedited briefing schedule on UNICA's motions to appear as an amicus curiae. On May 10, 2010, defendants[1] in both actions filed a statement of non-opposition to Unica's request. Plaintiffs in both actions opposed, either in full or in part, UNICA's request.

**PARTIES' ARGUMENTS**

UNICA contends that its participation as an amicus curiae is appropriate for two reasons. First, UNICA argues that this action directly affects UNICA's members, although UNICA is not a party to this action. UNICA's members represent the top producers of sugar, ethanol, renewable electricity and other sugarcane co-products in Brazil. UNICA's members exported to the United States approximately 600 million gallons of sugarcane-based ethanol in 2008 for use as transportation fuel. California's low carbon fuel standard ("LCFS"), the challenged regulation at issue in this case, encourages the use of sugarcane-based ethanol, and assigns an extremely low carbon intensity to sugarcane-based ethanol imported from Brazil. Thus, a decision on California's LCFS will have a significant impact on UNICA's members. Second, UNICA argues that as a foreign ethanol producer, UNICA brings a unique and international perspective.

Plaintiffs Rocky Mountain Farmers Union, Redwood County Minnesota Corn and Soybean Growers, Penny Newman Grain, Inc., Growth Energy, Renewable Fuels Association, Rex Nederend, Nisei Farmers League, Fresno County Farm Bureau, and the California Dairy Campaign ("Rocky Mountain plaintiffs") oppose in full UNICA's motion for leave to participate as amicus curiae in support of defendant's motion to dismiss. The Rocky Mountain plaintiffs point out that, except for one or two isolated passages, UNICA offers a new and different basis for dismissing Rocky Mountain plaintiffs' claims–a basis not asserted by defendants in the motion to dismiss. The Rocky Mountain plaintiffs conclude that because the legal issues currently before the Court do not form the basis for UNICA's

---

[1] Defendants in both actions are collectively referred to as "defendants."

proposed amicus brief, UNICA's request to appear as amicus curiae should be denied.

Plaintiffs National Petrochemical & Refiners Association, American Trucking Associations, the Center for North American Energy Security, and the Consumer Energy Alliance ("National Petrochemical plaintiffs") do not oppose UNICA's motion to the extent that UNICA's brief presents arguments that are related to the issues raised by defendants in the motion to dismiss. Specifically, the National Petrochemical plaintiffs do not oppose pages 18 and 19 of UNICA's proposed amicus brief, as those pages address the preemption argument raised by defendants. The National Petrochemical plaintiffs, however, oppose this Court's consideration of arguments not raised by defendants in the motion to dismiss. The National Petrochemical plaintiffs also point out that UNICA's amicus brief raises issues beyond the scope of those raised in defendants' motion to dismiss.

### DISCUSSION

"There is no inherent right to file an amicus curiae brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). This Court retains broad discretion to either permit or reject the appearance of amicus curiae. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). "A court may grant leave to appear as an amicus if the information offered is timely and useful." *Waste Management of Pennsylvania, Inc.*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm.*, 125 F.3d 1062, 1063 (7th Cir. 1997). "District courts frequently welcome amicus briefs from non-parties...if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted). In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *Id.*

Although this Court welcomes the "unique information or perspective" of an amicus curiae, this Court will not consider arguments raised in an amicus brief that are unrelated to issues raised by defendants in the motion to dismiss. "In the absence of exceptional circumstances, which are not present here, [a court] does not address issues raised only in an amicus brief." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n. 10 (9th Cir. 2003) (citing *Swan v. Peterson*, 6 F.3d 1373, 1383

3

(9th Cir. 1993)); *Santiago v. Rumsfeld*, 425 F.3d 549, 552 n.1 (9th Cir. 2005) ("We follow our general rule in declining to address these arguments [raised by amicus curiae, but] not raised by the parties.").[2]

Plaintiffs object to this Court's consideration of UNICA's legal arguments that are outside the scope of the arguments raised by defendants in the motions to dismiss. In the motions to dismiss, defendants raise two issues. First, defendants argue that California's low carbon fuel standard ("LCFS") is not preempted (and is exempted) by federal legislation, including the Clean Air Act. Second, defendants argue the LCFS does not violate the Commerce Clause, because it is authorized by the Clean Air Act. The bulk of UNICA's amicus brief, however, argues that the LCFS does not discriminate against interstate commerce, regulate commerce outside of California, or impose a burden that clearly outweighs the benefits. Additionally, UNICA argues that federal legislation should be read with guidance from the World Trade Organization.

This Court agrees that UNICA has a unique interest in this action. Moreover, UNICA provides information that no party in the action addresses. This Court, however, will not consider UNICA's Commerce Clause arguments. Accordingly, this Court grants in part UNICA's motion for leave to appear as amicus curiae; this Court will not consider UNICA's brief to the extent that UNICA raises legal arguments beyond those advanced by the defendants in their motions to dismiss.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court GRANTS in part UNICA's motion to appear as amicus curiae. This Court accepts UNICA's amicus brief, but will not consider UNICA's Commere Clause argument, appearing on pages 8 through 18 of its amicus brief.

IT IS SO ORDERED.

**Dated:   May 11, 2010**                    /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

---

[2] Although UNICA attempts to distinguish this authority in its reply brief, this Court exercises its broad discretion to limit its consideration of the issues raised by amicus curiae at this stage in the proceedings.