EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ROBERT W. BYRNE, State Bar No. 213155
Supervising Deputy Attorney General
GAVIN G. MCCABE, State Bar No. 130864
MARK POOLE, State Bar No. 194520
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5582
  Fax:  (415) 703-5480
  E-mail:  Mark.Poole@doj.ca.gov
*Attorneys for Defendant James Goldstene*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROCKY MOUNTAIN FARMERS UNION; REDWOOD COUNTY MINNESOTA CORN AND SOYBEANS GROWERS; PENNY NEWMAN GRAIN, INC.; GROWTH ENERGY and the RENEWABLE FUELS ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the CALIFORNIA AIR RESOURCES BOARD,**<br><br>Defendant. | 1:09-CV-02234-LJO-DLB<br><br>**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant, James N. Goldstene, in his official capacity as Executive Officer of the

California Air Resources Board, hereby answers the "Second Amended Complaint for

Declaratory and Injunctive Relief" ("Complaint") filed January 19, 2010 by Rocky Mountain

Farmers Union, *et al*. ("plaintiffs") as follows:

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NATURE OF THE ACTION

1.      The allegations in paragraph 1 are plaintiffs' characterizations and contentions regarding the claims set forth and the corresponding relief sought in the Complaint.  The defendant alleges that the Complaint speaks for itself.  To the extent that a response is required, the defendant denies these allegations on the basis that the Complaint is the best evidence of its contents.  Responding to the fourth sentence of paragraph 1, defendant admits he is a state officer charged with enforcement of certain statutes and regulations but denies all other allegations in the sentence.  Moreover, the allegations in paragraph 1 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

## APPLICABLE STATUTES, JURISDICTION,
## VENUE, AND DESCRIPTION OF PARTIES

2.      The allegations in paragraph 2 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

3.      The allegations in paragraph 3 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

4.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 4, and on that basis, denies the allegations.

5.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 5, and on that basis, denies the allegations.

6.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 6, and on that basis, denies the allegations.

7.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 7, and on that basis, denies the allegations.

1

2

8.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 8, and on that basis, denies the allegations.

3

4

9.      Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 9, and on that basis, denies the allegations.

5

6

7

10.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 10, and on that basis, denies the allegations.

8

9

11.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 11, and on that basis, denies the allegations.

10

11

12

12.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 12, and on that basis, denies the allegations.

13

14

15

16

17

18

19

13.     Defendant denies the allegations in paragraph 13. The allegations in paragraph 13 contain plaintiffs' characterization of the contents of the Complaint and contain conclusions of law to which no response is required.  Defendant alleges that the Complaint speaks for itself.   To the extent that a response is required, defendant denies these allegations on the grounds that the Complaint is the best evidence of its contents.  Defendant affirmatively alleges that James N. Goldstene is Executive Director of the California Air Resources Board ("CARB") charged with enforcement of certain statutes and regulations.

20

21

**GENERAL ALLEGATIONS**

22

23

14.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 14, and on that basis, denies the allegations.

24

15.     Defendant denies the allegations in paragraph 15.

25

26

16.     Responding to the allegations in paragraph 16, defendant admits that approximately 9 billion gallons of ethanol were produced and consumed in the United States in

27

28

3

2008.  Defendant lacks sufficient information or belief to form an opinion as to the truth of the remaining allegations in paragraph 16, and on that basis, denies these allegations.

17.     Defendant admits the allegations in paragraph 17.

18.     Defendant denies all allegations in paragraph 18.

19.     The allegations in paragraph 19 are plaintiffs' characterizations and contentions regarding the transportation of ethanol.  Defendant lacks sufficient information or belief to form an opinion as to the truth of plaintiffs' characterizations and contentions.  To the extent that a response is required, defendant denies the allegations.

20.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 20, and on that basis, denies the allegations.

21.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 21, and on that basis, denies the allegations.

22.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 22, and on that basis, denies the allegations.

23.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 23, and on that basis, denies the allegations.   Defendant affirmatively alleges that a co-product of corn ethanol is distiller's grains, an animal nutrient that is high in protein.

24.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 24, and on that basis, denies the allegations.

25.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the first sentence of paragraph 25, and on that basis, denies the allegations. The second sentence of paragraph 25 contains plaintiffs' characterizations and contentions of a purported statement by President Obama, the source of which is not identified.  To the extent that

4

any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.

26.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 26, and on that basis, denies the allegations.  Moreover, the allegations in the second sentence of paragraph 26 contain plaintiffs' characterizations and contentions of a purported statement in 2007 by then-Senator Obama, the source of which is not identified.  To the extent that any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.

27.     The allegations in paragraph 27 are plaintiffs' characterizations and contentions regarding the Energy Tax Act of 1978, the Surface Transportation Assistance Act, the Transportation Efficiency Act of the 21st Century, and unidentified federal legislation in 1984, 1988, and 1990.  Defendant alleges that the Energy Tax Act of 1978, the Surface Transportation Assistance Act, the Transportation Efficiency Act of the 21st Century, and unidentified federal legislation in 1984, 1988, and 1990 to which plaintiffs' refer, speak for themselves.  To the extent that a response is required, defendant denies these allegations on the grounds that the aforementioned federal legislative acts are the best evidence of their contents.

28.     The allegations in paragraph 28 are plaintiffs' characterizations and contentions regarding the Clean Air Act.  Defendant alleges that the Clean Air Act speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the Clean Air Act is the best evidence of its contents.  Defendant affirmatively alleges that Congress amended the Clean Air Act in 1990.  Moreover, the allegations in paragraph 28 contain conclusions of law to which no response is required.

5

29.     The allegations in paragraph 29 are plaintiffs' characterizations and contentions regarding the Energy Policy Act of 2005.  Defendant alleges that the Energy Policy Act of 2005 speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the Energy Policy Act of 2005 is the best evidence of its contents.  Defendant affirmatively alleges that Congress enacted the Energy Policy Act of 2005 on August 8, 2005.  Moreover, the allegations in paragraph 29 contain conclusions of law to which no response is required.

30.     The allegations in paragraph 30 are plaintiffs' characterizations and contentions regarding the Energy Independence and Security Act of 2007 ("EISA").  Defendant alleges that the EISA speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the EISA is the best evidence of its contents.  Defendant affirmatively alleges that the EISA was signed into law December 19, 2007 and took effect January 1, 2009.  Moreover, the allegations in paragraph 30 contain conclusions of law to which no response is required.

31.     The allegations in paragraph 31 are plaintiffs' characterizations and contentions regarding achieving the targets set by EISA.  Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 31, and on that basis, denies the allegations.

32.     The allegations in paragraph 32 are plaintiffs' characterizations and contentions regarding Congress' intent in passing the EISA.  Defendant alleges that the EISA speaks for itself.  To the extent that a response is required, defendant denies the allegations on the grounds that the EISA is the best evidence of its content.  Moreover, Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 32, and on

6

that basis, denies the allegations.   Finally, the allegations in paragraph 32 contain conclusions of law to which no response is required.

33.    The allegations in paragraph 33 are plaintiffs' characterizations and contentions regarding the EISA and LCFS.  Defendant alleges that the EISA and LCFS speak for themselves. To the extent that a response is required, defendant denies the allegations on the grounds that the EISA and LCFS are the best evidence of their contents.  Moreover, the allegations in paragraph 33 contain conclusions of law to which no response is required.

34.    The allegations in paragraph 34 are plaintiffs' characterizations and contentions regarding the EISA and LCFS.  Defendant alleges that the EISA and LCFS speak for themselves. To the extent that a response is required, defendant denies the allegations on the grounds that the EISA and LCFS are the best evidence of their contents.  Moreover, the last sentence of paragraph 34 contains plaintiffs' characterizations and contentions regarding a purported statement by CARB, the source of which is not identified.  To the extent that any statement was made, defendant alleges that the source of the statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.  Finally, the allegations in paragraph 34 contain conclusions of law to which no response is required.

35.    Defendant denies the allegations in paragraph 35.

36.    The allegations in paragraph 36 are plaintiffs' characterizations and contentions regarding the Global Warming Solutions Act.  Defendant alleges that the Global Warming Solutions Act speak for itself.  To the extent that a response is required, defendant denies the allegations on the grounds that the Global Warming Solutions Act is the best evidence of its contents.  Defendant affirmatively alleges that the California Legislature passed the Global Warming Solutions Act in 2006.

7

37.     The allegations in paragraph 37 are plaintiffs' characterizations and contentions regarding the Global Warming Solutions Act.  Defendant alleges that the Global Warming Solutions Act speaks for itself.  To the extent that a response is required, defendant denies the allegations on the grounds that the Global Warming Solutions Act is the best evidence of its contents.  Moreover, paragraph 37 contains conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

38.     The allegations in paragraph 38 are plaintiffs' characterizations and contentions regarding a purported order by Governor Schwarzenegger, the source of which is not identified.  To the extent that any such order was made, defendant alleges that the order speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the order is the best evidence of its contents.

39.     The allegations in paragraph 39 are plaintiffs' characterizations and contentions regarding the purpose of the LCFS.  Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies the allegations.

40.     The allegations in paragraph 40 are plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself. To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 40 contain conclusions of law to which no response is required.

41.     The allegations in paragraph 41 are plaintiffs' characterizations and contentions regarding the LCFS.  Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies the allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 41 contain conclusions of law to which no response is required.

8

42. The allegations in paragraph 42 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations. Moreover, the allegations in paragraph 42 are plaintiffs' characterizations and contentions regarding the LCFS. Defendant alleges that the LCFS speaks for itself. To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

43. The allegations in paragraph 43 are plaintiffs' characterizations and contentions regarding the LCFS and its supporting documentation. Defendant alleges that the LCFS and its supporting documentation speak for themselves. To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS and its supporting documentation are the best evidence of their contents.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45. Defendant affirmatively alleges that CARB considered indirect land use effects in arriving at carbon intensity values for the fuel pathways in the look-up table.

46. Defendant denies the allegations in paragraph 46. Paragraph 46 contains conclusions of law to which no response is required. To the extent that a response is required, defendant denies the allegations.

47. The allegations in paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations. In addition, the allegations in paragraph 47 contain characterizations and contentions regarding the LCFS and its impacts. Defendant alleges that the LCFS speaks for itself. To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

9

48.     The allegations in paragraph 48 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  Moreover, the allegations in paragraph 48 contain characterizations and contentions regarding the LCFS and its impacts.  Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

49.     The allegations in paragraph 49 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.   In addition, the allegations in paragraph 49 are plaintiffs' characterizations and contentions regarding the LCFS. Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

50.     The allegations in paragraph 50 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.   In addition, the allegations in paragraph 50 are plaintiffs' characterizations and contentions regarding the LCFS. Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

51.     The allegations in paragraph 51 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 51 are plaintiffs' characterizations and contentions regarding the LCFS. Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

52.    The allegations in paragraph 52 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  Moreover, the allegations in paragraph 52 are plaintiffs' characterizations and contentions regarding the LCFS.  Defendant alleges that the LCFS speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the LCFS is the best evidence of its contents.

53.    The allegations in paragraph 53 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.  Moreover, the allegations in paragraph 53 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

54.    The allegations in paragraph 54 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in the second sentence of paragraph 54 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.

55.    Defendant denies the allegations in paragraph 55.

56.    Defendant denies the allegations in paragraph 56.

57.    Defendant denies the allegations in paragraph 57.  The allegations in paragraph 57 contain plaintiffs' characterizations and contentions of a purported statement by CARB and a

11

comment received by CARB, the sources of which are not identified.  To the extent that any such statement and comment were made, defendant alleges that the sources of such statement and comment speak for themselves.  To the extent that a response is required, defendant denies these allegations on the grounds that the sources of the statement and the comment are the best evidence of their contents.

58.     Defendant denies the allegations in paragraph 58.  The allegations in paragraph 58 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.

59.     Defendant denies the allegations in paragraph 59.  Moreover, the allegations in the second sentence of paragraph 59 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

60.     The allegations in paragraph 60 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 60 contain plaintiffs' characterizations and contentions regarding the impacts of the LCFS.  To the extent that a response is required, defendant denies the allegations.

61.     Defendant denies the allegations in the first sentence of paragraph 61.  Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the second sentence of paragraph 61, and on that basis, denies the allegations.

62.     Defendant admits the first sentence of paragraph 62.  Defendant denies the allegations in the second, third, and fourth sentence of paragraph 62.  In addition, Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the

12

second, third and fourth sentences of paragraph 62, and denies the allegations on that basis as well.

63.     Defendant denies the allegations in the first, second and third sentences of paragraph 63.  Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the fourth and fifth sentences of paragraph 63, and on that basis, denies the allegations.

64.     Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the first sentence of paragraph 64, and on that basis, denies the allegations. Defendant denies the allegations in the second and third sentences of paragraph 64.  Moreover, the allegations in the second sentence of paragraph 64 contain conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

65.     Responding to the allegations contained in paragraph 65 of the Complaint, defendant incorporates his responses to paragraphs 1 through 64, inclusive, as set forth above.

66.     The allegations in paragraph 66 are plaintiffs' characterizations and contentions regarding the U.S. Constitution.  Defendant alleges that the U.S. Constitution speaks for itself and is the best evidence of its contents.  To the extent that a response is required, defendant admits that Article VI of the U.S. Constitution contains the words "the supreme law of the land."

67.     The allegations in paragraph 67 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 67 are plaintiffs' characterizations and contentions regarding the decision in *Int'l Paper Co. v. Ouellette*, 479 U.S. 481(1987).  Defendant alleges that the decision in *Int'l Paper Co.* speaks for itself.  To the extent that a response is required, defendant denies the

13

allegations on the basis that the decision in *Int'l Paper Co.* is the best evidence of its own contents.

68.     The allegations in paragraph 68 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 68 are plaintiffs' characterizations and contentions regarding the EISA. Defendant alleges that the EISA speaks for itself.  To the extent that a response is required, defendant denies the allegations on the basis that the EISA speaks for itself.

69.     The allegations in paragraph 69 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 69 are plaintiffs' characterizations and contentions regarding the EISA. Defendant alleges that the EISA speaks for itself.  To the extent that a response is required, defendant denies the allegations on the basis that the EISA speaks for itself.

70.     The allegations in paragraph 70 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

71.     The allegations in paragraph 71 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

72.     The allegations in paragraph 72 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.  In addition, the allegation in the second sentence of paragraph 72 contains plaintiffs' characterizations and contentions regarding the EISA.  Defendant alleges that the EISA speaks for itself.  To the extent that a response is required, defendant denies the allegations on the basis that the EISA is the best evidence of its contents.

73.     The first sentence of paragraph 73 contains plaintiffs' characterizations and contentions of a purported statement by CARB the source of which is not identified.  To the

14

extent that any such statement was made, defendant alleges that the source of such statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.  The allegations in the second sentence of paragraph 73 contain conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations.

74.     The allegations in paragraph 74 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

75.     The allegations in paragraph 75 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

76.     The allegations in paragraph 76 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 76 contain plaintiffs' characterizations and contentions regarding the EISA and the LCFS.  Defendant alleges that the EISA and the LCFS speak for themselves.  To the extent that a response is required, defendant denies the allegations on the basis that the EISA and the LCFS are the best evidence of their contents.

77.     The allegations in paragraph 77 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

78.     The allegations in paragraph 78 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

79.     The allegations in paragraph 79 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

80.     Defendant denies the allegations in paragraph 80.

81.     The allegations in paragraph 81 are conclusions of law to which a response is not required.  To the extent that a response is required, defendant denies the allegations.

82.     Responding to the allegations contained in paragraph 82 of the Complaint, defendant incorporates his responses to paragraphs 1 through 81, inclusive, as set forth above.

83.     The allegations in paragraph 83 are plaintiffs' characterizations and contentions regarding the U.S. Constitution.  Defendant alleges that the U.S. Constitution is the best evidence of its contents.  To the extent that a response is required, defendant admits that Article I, Sect. 8 of the U.S. Constitution contains the words "Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes; . . ."

84.     The allegations in paragraph 84 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, the allegations in paragraph 84 are plaintiffs' characterizations and contentions regarding the U.S. Constitution.  Defendant alleges that the U.S. Constitution speaks for itself.  To the extent that a response is required, defendant denies the allegations on the grounds that the U.S. Constitution is the best evidence of its contents.

85.     The allegations in paragraph 85 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

86.     The allegations in paragraph 86 contain conclusions of law to which no response is required.  To the extent that a response is required, defendant denies the allegations.

87.     The allegations in paragraph 87 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

88.     The allegations in paragraph 88 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

89.     Defendant denies the allegations in paragraph 89.  The allegations in paragraph 89 contain plaintiffs' characterizations and contentions regarding a purported statement by CARB, the source of which is not identified.  To the extent that any statement was made, defendant

16

alleges that the source of the statement speaks for itself.  To the extent that a response is required, defendant denies these allegations on the grounds that the source of the statement is the best evidence of its contents.

90.     The allegations in the first, third and fifth sentences of paragraph 90 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.  In addition, defendant denies the allegations in the fourth sentence of paragraph 90.  Defendant admits the allegations in the second sentence of paragraph 90.

91.     The allegations in paragraph 91 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

92.     The allegations in paragraph 92 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

93.     The allegations in paragraph 93 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

94.     The allegations in paragraph 94 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

95.     The allegations in paragraph 95 contain conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations.

96.     The remaining allegations in the Complaint are the plaintiffs' prayers for relief to which no response is required.  To the degree that a response is required, defendant denies these allegations.

**AFFIRMATIVE DEFENSES**

1.     The Court lacks subject matter jurisdiction over each and every one of plaintiffs' claims for relief.

17

2.     Venue does not lie in this Court.

3.     The plaintiffs' claims should be dismissed due to the failure to state sufficient facts to constitute a claim against the defendant.

4.     The plaintiffs' claims should be dismissed due to the plaintiffs' lack of standing to raise their claims against the defendant.

5.     The plaintiffs' claims should be dismissed due to the plaintiffs' unclean hands in bringing this petition.

6.     The plaintiffs' claims should be dismissed on the grounds that the claims are not ripe.

7.     The Clean Air Act authorizes California to adopt the LCFS.

WHEREFORE, the defendant prays that:

1.  The Complaint be dismissed;

2.  The plaintiffs take nothing by their action;

3.  Judgment be awarded against the plaintiffs and in favor of the defendant;

4.  Defendant be awarded his costs of suit; and

5.  Any other relief deemed appropriate by this Court.

1    Dated:  July 14, 2010                          Respectfully submitted,

2                                                   EDMUND G. BROWN JR.
                                                    Attorney General of California
3                                                   ROBERT W. BYRNE
                                                    Supervising Deputy Attorney General
4

5                                                   /s/ Mark Poole
6                                                   MARK POOLE
                                                    Deputy Attorney General
7                                                   *Attorneys for Defendant James Goldstene*

8
     SF2010400011
9    20309109.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19
────────────────────────────────────────────────────────
Defendant's Answer to Second Amended Complaint for Declaratory and Injunctive Relief
                                                    (1:09-CV-02234-LJO-DLB)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:      **Rocky Mountain Farmers Union v. Goldstene**
No.:            **1:09-CV-02234-LJO-DLB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 14, 2010, I served the attached **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Timothy Jones, Esq.
Jones Helsley PC
8365 N. Fresno Street, S-310          Jonathan Martel
PO Box 28340                          Arnold & Porter LLP.
Fresno, CA 93729                      555 12th Street, NW
                                      Washington, DC 20004

*Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2010, at San Francisco, California.

| Elza Moreira | S/ |
|:---:|:---:|
| Declarant | Signature |

SF2010400011
40436973.doc