DAVID PETTIT (SBN 67128)
MELISSA LIN PERRELLA (SBN 205019)
NATURAL RESOURCES DEFENSE COUNCIL
1314 Second Street
Santa Monica, California 90401
Telephone:   (310) 434-2300
Facsimile:    (310) 434-2399
E-mail:         dpettit@nrdc.org; mlinperrella@nrdc.org
Attorneys for Defendants-Intervenors
Natural Resources Defense Council, Inc.
[list of counsel continued below]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROCKY MOUNTAIN FARMERS UNION, et al., | Case No. 1:09-cv-02234-LJO-DLB |
|---|---|
| Plaintiffs, | **DEFENDANTS-INTERVENORS' ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | |
| JAMES N. GOLDSTENE, | |
| Defendant. | |
| and related intervenor action | |

Defendants-Intervenors Conservation Law Foundation, Natural Resources Defense Council, Inc., and Sierra Club (collectively "Intervenors"), hereby answer the "Second Amended Complaint for Declaratory and Injunctive Relief" ("Complaint") filed January 19, 2010 by Rocky Mountain Farmers Union, *et al*. ("Plaintiffs") as follows:

## NATURE OF THE ACTION

1.      The allegations in Paragraph 1 are Plaintiffs' characterizations and contentions regarding the claims set forth and the corresponding relief sought in the Complaint.  With respect to the fourth sentence of Paragraph 1, Intervenors admit that Defendant Goldstene is a state officer charged with enforcement of certain statutes and regulations, but deny all other allegations in the sentence.  The remainder of the allegations in Paragraph 1 contain conclusions of law to which no response is required.  Intervenors allege that the Complaint is the best evidence of its contents.  To the extent that a response is required, Intervenors deny these allegations.

## APPLICABLE STATUTES, JURISDICTION, VENUE, AND DESCRIPTION OF PARTIES

2.      Intervenors neither admit nor deny the allegations contained in Paragraph 2 because they constitute conclusions of law, to which no responses are required.  To the extent that a response is required, Intervenors deny the allegations.

3.      Intervenors neither admit nor deny the allegations contained in Paragraph 3 because they constitute conclusions of law, to which no responses are required.  To the extent that a response is required, Intervenors deny the allegations.

4.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, deny the allegations.

5.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis, deny the allegations.

6.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, deny the allegations.

7.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis, deny the allegations.

8.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis, deny the allegations.

9.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis, deny the allegations.

10.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, deny the allegations.

11.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis, deny the allegations.

12.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis, deny the allegations.

13.     Intervenors admit that James N. Goldstene is the Executive Director of the California Air Resources Board ("CARB") but neither admit nor deny the remainder of the allegations contained in Paragraph 13 because they set forth Plaintiffs' characterization of their claims and conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the Complaint is the best evidence of its contents.

# GENERAL ALLEGATIONS

## A. Ethanol and Its Co-Products

14.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis, deny the allegations.

15.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis, deny the allegations.

16.     Intervenors admit that approximately 9 billion gallons of ethanol were produced and consumed in the United States in 2008.  Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and on that basis, deny the allegations.

17.     Intervenors admit the allegations in Paragraph 17.

18.     Intervenors deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are Plaintiffs' characterizations and contentions regarding the transportation of ethanol. To the extent that a response is required, Intervenors deny the allegations.

20.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis, deny the allegations.

21.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis, deny the allegations.

22.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis, deny the allegations.

23.     Intervenors admit that that a co-product of corn ethanol is distiller's grains. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23, and on that basis, deny the allegations.

24.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis, deny the allegations.

**B.  Federal Law and Policy On Ethanol**

25.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis, deny the allegations. Intervenors deny the allegations in the second sentence of Paragraph 25 on the ground that they purport to characterize, summarize, and/or quote a statement by President Obama, the source of which is not identified.  To the extent that any such statement was made, Intervenors allege that the source of the statement is the best evidence of its contents.

26.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis, deny the allegations.  The allegations in the second sentence of Paragraph 26 purport to characterize, summarize, and/or quote a 2007 statement by then-Senator Obama, the source of which is not identified.  To the extent that any such statement was made, Intervenors allege that the source of such statement is the best evidence of its contents.

27.     Intervenors neither admit nor deny the allegations contained in Paragraph 27 because they constitute conclusions of law to which no responses are required.  The allegations in Paragraph 27 are Plaintiffs' characterizations and contentions regarding the Energy Tax Act of 1978, the Surface Transportation Assistance Act, the Transportation Efficiency Act of the 21st Century, and unidentified federal legislation in 1984, 1988, and 1990.  To the extent that a

1   response is required, Intervenors deny these allegations on the grounds that the cited statutes are

2   the best evidence of their contents.

3         28.      Intervenors admit that Congress amended the Clean Air Act in 1990.  Intervenors

4   neither admit nor deny the remainder of the allegations in Paragraph 28 because they constitute

5   Plaintiffs' characterizations and contentions regarding the Clean Air Act.  The allegations also

6   contain conclusions of law to which no response is required.  To the extent that a response is

7   required, Intervenors deny these allegations on the grounds that the Clean Air Act is the best

8   evidence of its contents.

9         29.      Intervenors admit that Congress enacted the Energy Policy Act of 2005 on August

10  8, 2005.  The remainder of the allegations in Paragraph 29 are Plaintiffs' characterizations and

11  contentions regarding the Energy Policy Act of 2005, and contain conclusions of law to which no

12  response is required.  To the extent that a response is required, Intervenors deny these allegations

13  on the grounds that the Energy Policy Act of 2005 is the best evidence of its contents.

14        30.      Intervenors admit that the Energy Independence and Security Act of 2007

15  ("EISA") was signed into law December 19, 2007.  The remainder of the allegations in

16  Paragraph 30 are Plaintiffs' characterizations and contentions regarding the EISA and contain

17  conclusions of law to which no response is required.  To the extent that a response is required,

18  Intervenors deny these allegations on the grounds that the EISA is the best evidence of its

19  contents.

20        31.      Intervenors deny knowledge or information sufficient to form a belief as to the

21  truth of the allegations contained in Paragraph 31, which set forth Plaintiffs' characterizations

22  and contentions regarding achieving the targets set by EISA.

32.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.  The allegations in Paragraph 32 are Plaintiffs' characterizations and contentions regarding the Congress' intent in passing the EISA and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the EISA is the best evidence of its content.

33.     The allegations in Paragraph 33 are Plaintiffs' characterizations and contentions regarding the EISA and the California Air Resources Board ("CARB")'s Low Carbon Fuel Standard ("LCFS") regulation.  Moreover, the allegations contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the EISA and LCFS are the best evidence of their contents.

34.     The allegations in Paragraph 34 are Plaintiffs' characterizations and contentions regarding the EISA and LCFS and contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations on the grounds that the EISA and LCFS are the best evidence of their contents.  Moreover, the last sentence of Paragraph 34 contains Plaintiffs' characterizations and contentions regarding a purported statement by CARB, the source of which is not identified.  To the extent that any statement was made, Intervenors allege that the source of the statement speaks for itself.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement is the best evidence of its contents.

35.     Intervenors deny the allegations in Paragraph 35.

**C.  CARB's Low Carbon Fuel Standard Regulation**

36.     Intervenors admit that the California Legislature passed the Global Warming Solutions Act in 2006.  The remainder of the allegations in Paragraph 36 are Plaintiffs'

characterizations and contentions regarding the Global Warming Solutions Act.  Intervenors allege that the Global Warming Solutions Act speak for itself.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the Global Warming Solutions Act is the best evidence of its contents.

37.    The allegations in Paragraph 37 are Plaintiffs' characterizations and contentions regarding the Global Warming Solutions Act and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the Global Warming Solutions Act is the best evidence of its contents.

38.    The allegations in Paragraph 38 are Plaintiffs' characterizations and contentions regarding a purported order by Governor Schwarzenegger, the source of which is not identified. To the extent that a response is required, Intervenors deny these allegations on the grounds that the purported order is the best evidence of its contents.

39.    The allegations in Paragraph 39 are Plaintiffs' characterizations and contentions regarding the purpose of the LCFS.  Intervenors allege that the LCFS speaks for itself.  To the extent that a response is required, Intervenors deny the allegations.

40.    The allegations in Paragraph 40 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

41.    The allegations in Paragraph 41 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

42.     The allegations in Paragraph 42 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

43.     The allegations in Paragraph 43 are Plaintiffs' characterizations and contentions regarding the LCFS and its supporting documentation.  The allegations contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS and its supporting documentation are the best evidence of their contents.

44.     Intervenors deny the allegations in Paragraph 44.

45.     Intervenors deny the allegations in Paragraph 45.

46.     Paragraph 46 contains conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

47.     The allegations in Paragraph 47 contain characterizations and contentions regarding the LCFS and its impacts, and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

48.     The allegations in Paragraph 48 contain characterizations and contentions regarding the LCFS and its impacts, and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

49.     The allegations in Paragraph 49 are Plaintiffs' characterizations and contentions regarding the LCFS, and contain conclusions of law to which no response is required.  To the

extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

50.     The allegations in Paragraph 50 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

51.     The allegations in Paragraph 51 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors these allegations on the grounds that the LCFS is the best evidence of its contents.

52.     The allegations in Paragraph 52 are Plaintiffs' characterizations and contentions regarding the LCFS and contain conclusions of law to which no response is required. Intervenors allege that the LCFS speaks for itself.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

### D.   The Effects and Consequences of the LCFS

53.     The allegations in Paragraph 53 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  The allegations also contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement, if the statement was made, is the best evidence of its contents.

54.     The allegations in Paragraph 54 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

Moreover, the allegations in the second sentence of Paragraph 54 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement is the best evidence of its contents.

55.     Intervenors deny the allegations in Paragraph 55.

56.     Intervenors deny the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 contain Plaintiffs' characterizations and contentions of a purported statement by CARB and a comment received by CARB, the sources of which are not identified.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the sources of the statement and comment are the best evidence of their contents.

58.     The allegations in Paragraph 58 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement is the best evidence of its contents.

59.     Intervenors deny the allegations in Paragraph 59.  The allegations in the second sentence of Paragraph 59 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

60.     The allegations in Paragraph 60 contain Plaintiffs' characterizations and contentions regarding the impacts of the LCFS and contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

61.     Intervenors deny the allegations in the first sentence of Paragraph 61.  Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 61, and on that basis, deny the allegations.

62.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis, deny the allegations.

63.     Intervenors deny the allegations in the first, second and third sentences of Paragraph 63.  Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 63, and on that basis, deny the allegations.

64.     Intervenors deny knowledge of information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 64, and on that basis, denies the allegations.  Intervenors deny the allegations in the second and third sentences of Paragraph 64.  Moreover, the allegations in the second sentence of Paragraph 64 contain conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

65.     Responding to the allegations contained in Paragraph 65 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 64, inclusive, as set forth above.

66.     The allegations in Paragraph 66 are Plaintiffs' characterizations and contentions regarding the U.S. Constitution.  Intervenors allege that the U.S. Constitution speaks for itself and is the best evidence of its contents.  To the extent that a response is required, Intervenors admit that Article VI of the U.S. Constitution contains the words "the supreme law of the land."

67.     The allegations in Paragraph 67 contain conclusions of law to which no response is required.  In addition, the allegations in Paragraph 67 are Plaintiffs' characterizations and

contentions regarding the decision in *International Paper Co. v. Ouellette*, 479 U.S. 481 (1987). To the extent that a response is required, Intervenors deny the allegations on the basis that the decision in *International Paper Co.* is the best evidence of its own contents.

68.     The allegations in Paragraph 68 contain conclusions of law to which no response is required.  In addition, the allegations in Paragraph 68 are Plaintiffs' characterizations and contentions regarding the EISA.  To the extent that a response is required, Intervenors deny the allegations on the basis that the EISA is the best evidence of its own contents.

69.     The allegations in Paragraph 69 contain conclusions of law to which no response is required.  In addition, the allegations in Paragraph 69 are Plaintiffs' characterizations and contentions regarding the EISA.  To the extent that a response is required, Intervenors deny the allegations on the basis that the EISA is the best evidence of its own contents.

70.     The allegations in Paragraph 70 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

71.     The allegations in Paragraph 71 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

72.     The allegations in Paragraph 72 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.  In addition, the allegations in the second sentence of Paragraph 72 contains Plaintiffs' characterizations and contentions regarding the EISA.  To the extent that a response is required, Intervenors deny the allegations on the basis that the EISA is the best evidence of its contents.

73.     The first sentence of Paragraph 73 contains Plaintiffs' characterizations and contentions of a purported statement by CARB the source of which is not identified.  To the extent that any such statement was made, Intervenors allege that the source of such statement

speaks for itself.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement is the best evidence of its contents.  The allegations in the second sentence of Paragraph 73 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

74.     The allegations in Paragraph 74 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

75.     The allegations in Paragraph 75 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

76.     The allegations in Paragraph 76 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.  In addition, the allegations in Paragraph 76 contain Plaintiffs' characterizations and contentions regarding the EISA and the LCFS.  To the extent that a response is required, Intervenors deny the allegations on the basis that the EISA and the LCFS are the best evidence of their contents.

77.     The allegations in Paragraph 77 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

78.     The allegations in Paragraph 78 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

79.     The allegations in Paragraph 79 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

80.     Intervenors deny the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are conclusions of law to which a response is not required.  To the extent that a response is required, Intervenors deny the allegations.

82.     Responding to the allegations contained in Paragraph 82 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 81, inclusive, as set forth above.

83.     The allegations in Paragraph 83 are Plaintiffs' characterizations and contentions regarding the U.S. Constitution.  Intervenors allege that the U.S. Constitution is the best evidence of its contents.  To the extent that a response is required, Intervenors admit that Article I, Sect. 8 of the U.S. Constitution contains the words "Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes; . . ."

84.     The allegations in paragraph 84 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.  In addition, the allegations in Paragraph 84 are Plaintiffs' characterizations and contentions regarding the U.S. Constitution.  To the extent that a response is required, Intervenors deny the allegations on the grounds that the U.S. Constitution is the best evidence of its contents.

85.     The allegations in Paragraph 85 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

86.     The allegations in Paragraph 86 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

87.     The allegations in Paragraph 87 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

88.     The allegations in Paragraph 88 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

89.     Intervenors deny the allegations in Paragraph 89.  The allegations in Paragraph 89 contain Plaintiffs' characterizations and contentions regarding a purported statement by CARB, the source of which is not identified.  To the extent that a response is required, Intervenors deny

these allegations on the grounds that the source of the statement, if such statement was made, is the best evidence of its contents.

90.     The allegations in the first, third and fifth sentences of Paragraph 90 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.  Intervenors also deny the allegations in the fourth sentence of Paragraph 90.  Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 90, and on that basis deny the allegations.

91.     The allegations in Paragraph 91 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

92.     The allegations in Paragraph 92 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

93.     The allegations in Paragraph 93 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

94.     The allegations in Paragraph 94 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

95.     The allegations in Paragraph 95 contain conclusions of law to which no response is required.  To the extent a response is required, Intervenors deny the allegations.

96.     The remaining allegations in the Complaint are the Plaintiffs' prayers for relief to which no response is required.  To the degree that a response is required, Intervenors deny these allegations.

## AFFIRMATIVE DEFENSES

1.      The Court lacks subject matter jurisdiction over each and every one of Plaintiffs' claims for relief.

2.      Venue does not lie in this Court.

3.      Plaintiffs' claims should be dismissed due to the failure to state sufficient facts to constitute a claim against Defendant.

4.      Plaintiffs' claims should be dismissed due to Plaintiffs' lack of standing to raise their claims against Defendant.

5.      Plaintiffs' claims should be dismissed due to Plaintiffs' unclean hands in bringing this petition.

6.      Plaintiffs' claims should be dismissed on the grounds that the claims are not ripe.

WHEREFORE, Intervenors pray that:

1.  The Complaint be dismissed;

2.  Plaintiffs take nothing by their action;

3.  Judgment be awarded against Plaintiffs and in favor of Defendant and Intervenors;

4.  Defendant and Intervenors be awarded their costs of suit; and

5.  Any other relief deemed appropriate by this Court.

                              Respectfully submitted,

                              DAVID PETTIT
                              MELISSA LIN PERRELLA
                              NATURAL RESOURCES DEFENSE COUNCIL

NANCY S. MARKS
VIVIAN H. WANG
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY 10011
Telephone:  (212) 727-2700
Facsimile:  (212) 727-1773
E-mail:      nmarks@nrdc.org; vwang@nrdc.org

Dated:  July 14, 2010          By:     /s/ David Pettit_____
                                        DAVID PETTIT

Attorneys for Defendant-Intervenor
Natural Resources Defense Council, Inc.


PAT GALLAGHER (SBN 146105)
DIRECTOR OF ENVIRONMENTAL LAW
SIERRA CLUB
85 Second Street, 5th Floor
San Francisco, CA 94105
Telephone:  (415) 977-5709
Facsimile:  (415) 977-5793
E-mail :      pat.gallagher@sierraclub.org

By:     /s/ Pat Gallagher_____
        PAT GALLAGHER

Attorney for Defendant-Intervenor
Sierra Club


JANE WEST
CONSERVATION LAW FOUNDATION
47 Portland Street, 4th Floor
Portland, ME 04101
Telephone:  (207) 210-6439
Facsimile:  (207) 221-1240
E-mail :      jwest@clf.org

By:     /s/ Jane West_____
        JANE WEST

Attorney for Defendant-Intervenor
Conservation Law Foundation

## DECLARATION OF SERVICE

Case Name: **Rocky Mountain Farmers Union v. Goldstene**

No.:       **1:09-cv-02234-LJO-DLB**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1314 2nd Street, Santa Monica, CA 90401.

      On July 14, 2010, I served the foregoing document described:

**DEFENDANTS-INTERVENORS' ANSWER TO**

**SECOND AMENDED COMPLAINT**

by causing copies to be sent via this Court's ECF system to:

| | |
|---|---|
| Timothy Jones, Esq.<br>Jones Helsley PC<br>8365 N. Fresno Street, S-310<br>PO Box 28340<br>Fresno, CA 93729<br><br>Jonathan Martel<br>Arnold & Porter LLP.<br>555 12th Street, NW<br>Washington, DC 20004 | Attorneys for Plaintiffs |
| Mark W. Poole,<br>Deputy Attorney General<br>State of California, Dept of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, California 94102-7004<br><br>James N. Goldstene<br>Executive Officer<br>CALIFORNIA AIR RESOURCES<br>BOARD<br>1001 "I" Street<br>Sacramento, California 95812 | Attorneys For Defendant |

| Seth Throop Karpinski<br>OREGON DEPARTMENT OF JUSTICE<br>1162 Court Street NE<br>Salem, OR 97301 | Attorney for Amicus Curiae<br>State of Oregon |
|---|---|
| Rachel Lena Chanin<br>ARNOLD & PORTER LLP<br>275 Battery Street<br>Suite 2700<br>San Francisco , CA 94111<br><br>Jonathan S. Martel<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004 | Attorneys for Amicus Curiae<br>Brazilian Sugar Cane Industry<br>Association (UNICA) |
| John Stuart Poulos<br>PILLSBURY WINTHROP SHAW<br>PITTMAN LLP<br>2600 Capitol Avenue, Suite 300<br>Sacramento, CA 95816-5930<br><br>Thomas C. Sand<br>MILLER NASH LLP<br>111 SW Fifth Avenue, Suite 3400<br>Portland, OR 97204 | Attorneys for Amicus Curiae<br>Oregon Petroleum Association |

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (Federal) I declare that I am an employee in the office of a member of the bar of this court at whose direction the service was made.

     Executed on July 14, 2010, at Santa Monica, California.


                               /s/ David Pettit