MARIE L. FIALA (CA Bar No. 79676)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone: 415-772-1200
Facsimile: 415-772-7400
mfiala@sidley.com

Counsel For Plaintiffs

[ADDITIONAL PARTIES AND COUNSEL SHOWN ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| NATIONAL PETROCHEMICAL & REFINERS ASSOCIATION, et al.,<br>Plaintiffs,<br>v.<br>JAMES GOLDSTENE, et al.,<br>Defendants | Case No. 1:10-CV-00163-LJO-DLB<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING CASES** |
| ROCKY MOUNTAIN FARMERS UNION; et al.,<br>Plaintiffs,<br>v.<br>JAMES N. GOLDSTENE,<br>Defendant. | Related with Case No. 1:09-CV-02234-LJO-DLB |
| And related intervenor actions | |

///

///

**WHEREAS** on December 23, 2009, Plaintiffs Rocky Mountain Farmers Union, Redwood County Minnesota Corn and Soybean Growers, Penny Newman Grain, Inc., Growth Energy, and Renewable Fuels Association filed their Complaint for Declaratory and Injunctive Relief in the matter of *Rocky Mountain Farmers Union, et al. v. Goldstene,* Case No. 1:09-CV-02234-LJO-DLB (the "RMFU Action").

**WHEREAS** Rex Nederend, Nisei Farmers League, the Fresno County Farm Bureau, and the California Dairy Campaign were subsequently added as Plaintiffs in the RMFU Action in Plaintiffs' January 11, 2010, First Amended Complaint for Declaratory and Injunctive Relief, and Plaintiffs' January 28, 2010, Second Amended Complaint for Declaratory and Injunctive Relief.

**WHEREAS** the National Petrochemical & Refiners Association ("NPRA"), American Trucking Associations, The Center for North American Energy Security, and The Consumer Energy Alliance filed a Complaint for Declaratory and Injunctive Relief and Jury Demand on February 2, 2010, which challenges the same regulation at issue in this action. *See National Petrochemical & Refiners Association, et al. v. Goldstene, et al.*, Eastern District Case No. 10-CV-00163 LJO DLB (the "NPRA Action").

**WHEREAS** the Parties in both the RMFU Action and the NPRA Action have conferred, and the Parties are in agreement that the RMFU Action should be consolidated with the NPRA Action because the cases involve the same regulation and common questions of law and fact, and because consolidation would advance the interests of judicial economy.

**IT IS HEREBY STIPULATED**, by and between Plaintiffs and Defendants and Defendant Intervenors in both the RMFU Action and the NPRA Action, by and through their respective counsel, that:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the RMFU Action and the NPRA Action are hereby consolidated.

2. The RMFU Action and the NPRA Action shall be consolidated for purposes of briefing, scheduling, discovery, pretrial proceedings, trial, and any post-trial motions or proceedings. Plaintiffs in the actions reserve the right to file separate briefing on motions, but

will coordinate among themselves to avoid unnecessary duplication of arguments. Said actions shall not be consolidated for purposes of judgment or appeal.

3. A copy of this Order shall be filed in each of the above-captioned cases, but all further pleadings and papers in these cases shall be filed only under Eastern District Case No. 1:09-CV-02234-LJO-DLB, which shall be designated as the "Lead Case" file. In such subsequent pleadings and papers, the case number shall appear on the face of all pleadings and papers as follows:

**LEAD CASE No. 1:09-CV-02234-LJO-DLB**
**Consolidated With Case No. 10-CV-00163 LJO DLB**

4. Except on initial pleadings (*i.e.*, complaints or answers), or as otherwise required by the Federal Rules of Civil Procedure or the Eastern District of California's Local Rules, the caption used on all subsequent pleadings and papers may be of the "short form," listing the first Plaintiff and Defendant in the Lead Case, and referring collectively to all additional parties in the Lead Case and to all of the other cases consolidated for purposes of trial as "and Related Consolidated Action."

Dated: October 11, 2010

STATE OF CALIFORNIA,
DEPARTMENT OF JUSTICE

By: /s/ Mark Poole
Mark Poole,
Attorneys for All Defendants

Dated: October 11, 2010

NATURAL RESOURCES DEFENSE COUNCIL

By: /s/ David Pettit
David Pettit,
Attorney for Defendant Intervenor
Natural Resources Defense Council

Dated: October 11, 2010

SIERRA CLUB

By: /s/ Pat Gallagher
Pat Gallagher,
Attorney for Defendant Intervenor
Sierra Club

Dated: October 11, 2010

ENVIRONMENTAL DEFENSE FUND

By: /s/ Timothy O'Connor
Timothy O'Connor,
Attorney for Defendant Intervenor
Environmental Defense Fund

Dated: October 11, 2010

CONSERVATION LAW FOUNDATION

By: /s/ Jane West
Jane West,
Attorney for Defendant Intervenor
Conservation Law Foundation

Dated: October 11, 2010

SIDLEY AUSTIN LLP

BY: /s/ Roger R. Martella, Jr.,
Roger R. Martella, Jr.,
Attorneys for the NPRA Plaintiffs

Dated: October 11, 2010

JONES HELSLEY PC

BY: /s/ John P. Kinsey
John P. Kinsey,
Attorneys for the RMFU Plaintiffs

**ORDER**

The Court having reviewed the foregoing Stipulation, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following actions are hereby consolidated:

A. *Rocky Mountain Farmers Union, et al. v. Goldstene*, Case No. 1:09-CV-02234-LJO-DLB (the "RMFU Action"); and

B. *National Petrochemical & Refiners Association, et al. v. Goldstene, et al.*, Eastern District Case No. 10-CV-00163 LJO DLB (the "NPRA Action").

**IT IS ALSO ORDERED** that The RMFU Action and the NPRA Action shall be consolidated for purposes of briefing, scheduling, discovery, pretrial proceedings, trial, and any post-trial motions or proceedings. Plaintiffs in the actions reserve the right to file separate briefing on motions, but they will coordinate among themselves to avoid unnecessary duplication of arguments. Said actions shall not be consolidated for purposes of judgment or appeal.

**IT IS ALSO ORDERED** that the consolidation is for the purpose of advancing judicial economy but "does not affect any of the substantive rights of the parties" *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972), and does not merge these separate lawsuits into a single action, *Geddes v. United Fin. Group*, 559 F.2d 557, 561 (9th Cir. 1977).

**IT IS FURTHER ORDERED** that a copy of this Order shall be filed in each of the above-captioned cases, but all further pleadings and papers in these cases shall be filed only under Eastern District Case No. 1:09-CV-02234-LJO-DLB, which shall be designated as the "Lead Case" file. In such subsequent pleadings and papers, the case number shall appear on the face of all pleadings and papers as follows:

**LEAD CASE No. 1:09-CV-02234-LJO-DLB**
***Consolidated With* Case No. 10-CV-00163 LJO DLB**

**IT IS ALSO ORDERED** that, except on initial pleadings (*i.e.*, complaints or answers), or as otherwise required by the Federal Rules of Civil Procedure or the Eastern District of California's Local Rules, the caption used on all subsequent pleadings and papers may be of the "short form," listing the first Plaintiff and Defendant in the Lead Case, and referring collectively to all additional parties in the Lead Case and to all of the other cases consolidated for purposes of trial as "and Related Consolidated Action."

IT IS SO ORDERED.

Dated: **October 15, 2010**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE