IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, REDWOOD COUNTY MINNESOTA CORN AND SOYBEAN GROWERS, PENNY NEWMAN GRAIN, INC., GROWTH ENERGY, RENEWABLE FUELS ASSOCIATION, REX NEDEREND, FRESNO COUNTY FARM BUREAU, NISEI FARMERS LEAGUE, and CALIFORNIA DAIRY CAMPAIGN,<br><br>    Plaintiffs,<br>  vs.<br><br>JAMES N. GOLDSTENE, Executive Officer of the California Air Resources Board,<br><br>    Defendants.<br><br>and related intervenor and consolidated actions.<br>_____/ | CASE NO. CV-F-09-2234 LJO DLB<br><br>**CLARIFICATION REGARDING AMICUS CURIAE BRIEFING DEADLINE** |

    The Court received a request for clarification regarding whether a deadline had been set for the filing of amicus curiae briefs related to the pending motions for summary judgment and motion for a preliminary injunction. On October 13, 2010, United States Magistrate Judge Dennis L. Beck set the following briefing schedule by minute order for these motions:

    Plaintiffs' motion for preliminary injunction and motion for summary judgment shall be filed by November 1, 2010. Oppositions to Plaintiffs' motions, as well as any cross-motion or Rule 56(f) motion by Defendants, shall be filed by December 17, 2010. Plaintiffs' replies and any oppositions shall be filed by January 14, 2011. Defendants' replies shall be filed by February 1, 2011. All motions shall be heard on February 23,

1

2011, in Courtroom 4, at 8:30 a.m. before Judge O'Neill.

Doc. 105. This briefing schedule does not address explicitly whether amicus curiae briefs are permitted to be filed and if so, whether there is a deadline for those briefs to be filed.

"There is no inherent right to file an amicus curiae brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). This Court retains broad discretion to either permit or reject the appearance of amicus curiae. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). "A court may grant leave to appear as an amicus if the information offered is timely and useful." *Waste Management of Pennsylvania, Inc.*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm.*, 125 F.3d 1062, 1063 (7th Cir. 1997). "District courts frequently welcome amicus briefs from non-parties...if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted). In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *Id.*

Previously, this Court granted certain parties permission to file amicus curiae briefs in conjunction with the motions to dismiss this action. Although those parties have not requested to file further briefs in this action, those parties appear to be preparing to do so. **The Court cautions that amicus briefs are "welcome" only to the extent that "the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide."** *Id.* The Court will not consider amicus briefs filed that simply restate the parties' arguments.

With that caveat, this Court ORDERS that all amicus requests and related briefs shall be filed **no later than January 3, 2011.**

IT IS SO ORDERED.

**Dated:   December 15, 2010**             /s/ Lawrence J. O'Neill
                                                                       UNITED STATES DISTRICT JUDGE