IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, REDWOOD COUNTY MINNESOTA CORN AND SOYBEAN GROWERS, PENNY NEWMAN GRAIN, INC., GROWTH ENERGY, RENEWABLE FUELS ASSOCIATION, REX NEDEREND, FRESNO COUNTY FARM BUREAU, NISEI FARMERS LEAGUE, and CALIFORNIA DAIRY CAMPAIGN,<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>JAMES N. GOLDSTENE, Executive Officer of the California Air Resources Board,<br><br>　　　　Defendants.<br><br>and related intervenor and consolidated actions and amici curiae.<br>_____/ | CASE NO. CV-F-09-2234 LJO DLB<br><br>**ORDER ON DEFENDANTS' AND INTERVENORS' FED. R. CIV. P. 56(d) MOTION** (Doc. 137) |

### INTRODUCTION

Defendants[1] and intervenor-defendants[2] (collectively "defendants") move to deny or continue

---

[1] Collectively, defendants are James N. Goldstene, in his official capacity as Executive Director of the California Resources Board ("CARB"); Mary D. Nichols, Daniel Sperling, Ken Yeager, Dorene D'Adamo, Barbara Riordan, John R. Balmes, Lydia H. Kennard, Sandra Berg, Ron Roberts, John G. Telles, and Ronald O. Loveridge, in their official capacities

1

1  plaintiffs'[3] pending summary judgment motions pursuant to Fed. R. Civ. P. ("Rule") 56(d). Defendants
2  argue that good causes exists to deny or defer the pending motions because: (1) there is a likelihood that
3  controverting evidence exists as to certain material facts, specifically (a) whether the Low Carbon Fuel
4  Standard ("LCFS") regulation burdens interstate commerce and/or favors in-state interests; (b) whether
5  the regulation has a negative effect on plaintiffs or plaintiffs' members; and (c) whether plaintiffs or any
6  of their members have facilities that fall within the grandfather provision of the Energy Independence
7  and Security Act of 2007 ("EISA"), 42 U.S.C. §7545(o);(2) this information is not available to
8  defendants because discovery has not commenced in these consolidated actions; (3) defendants propose
9  specific interrogatories and requests for production, including a single deposition to obtain the
10 information sought; and (4) defendants believe that the information sought will demonstrate that the
11 LCFS does not burden interstate commerce or the economic interests of plaintiffs and plaintiffs'
12 members, does not favor in-state interests economically, and is not preempted by EISA. For the
13 following reasons, this Court GRANTS a Rule 56(d) continues, and sets a further briefing schedule on
14 the pending motions for summary judgment and preliminary injunction.

## BACKGROUND

In these consolidated actions, plaintiffs challenge the LCFS regulations promulgated by defendant California Air Resource Board ("CARB") to implement provisions of California Assembly Bill 32 ("AB 32:), California's Global Warming Solutions Act of 2006, Cal. Heath & Saf. Code, §38500

---

as members of CARB; Arnold Schwarzenegger, in his official capacity as Governor of the State of California, and Edmund G. Brown, Jr., in his official capacity as California Attorney General.

[2] Natural Resources Defense Council, Inc., Sierra Club, and Conservation Law Foundation are intervenor-defendants in the consolidated actions.

[3] This action encompasses two consolidated cases. In action number 09cv2234, the plaintiffs are Rocky Mountain Farmers Union, Redwood County Minnesota Corn and Soybean Growers, Penny Newman Grain, Inc., Growth Energy, Renewable Fuels Association, Rex Nederend, Fresno County Farm Bureau, Nisei Farmers League, California Dairy Campaign, National Petrochemical & Refiners Association, American Trucking Associations, Center for North American Energy Security, and the Consumer Energy Alliance (collectively "Rocky Mountain plaintiffs"). Not all of the farmer plaintiffs moved for summary judgment. Rather, only Growth Energy and Renewable Fuels Association ("producer plaintiffs") moved for summary judgment. In the member case, action number 10cv163, the plaintiffs are National Petrochemical & Refiners Association, American Trucking Associations, Center for North American Energy Security, and the Consumer Energy Alliance (collectively "National Petrochemical plaintiffs"). The Court refers to all moving plaintiffs collectively as "plaintiffs."

et seq. California's LCFS focuses on the "carbon intensity" of fuels to estimate emissions related to a fuel's lifecycle, including greenhouse gases emitted when the fuel is extracted, refined, and transported to California. The LCFS assigns different carbon intensity scores to more than a dozen corn ethanol "pathways" in what are the direct effects of GHG emissions. Numerous distinctions are drawn among different categories of corn ethanol producers. Significant to this litigation, the Lookup Table assigns different carbon intensity scores to "California" and "Midwest" corn pathways.

Plaintiffs moved for summary judgment in their favor, arguing that the LCFS must be struck down because it: (1) conflicts with and is preempted by federal law, including EISA, in violation of the Supremacy Clause, U.S. Const. Article VI, para. 2; and (2) interferes with the regulation of interstate commerce, in violation of the Commerce Clause, U.S. Const., Art. I, sec. 8, cl. 3.

In opposition to plaintiffs' summary judgment motions, defendants, *inter alia*, moved to deny or defer summary judgment pursuant to Rule 56(d). This Court stayed briefing for the pending summary judgment and preliminary judgment motions, and set a briefing schedule for the Rule 56(d) motion.

### STANDARD OF REVIEW

Pursuant to Rule 56(d), formerly Rule 56(f), this Court has the discretion to either deny or continue a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Thus, this Court has discretion to continue the pending summary judgment motions if the defendants need to discover essential facts before filing the opposition. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir.1990), *cert. denied*, 498 U.S. 1088, 111 S.Ct. 966, 112 L.Ed.2d 1052 (1991). "A request for additional time, more discovery, or ... a request to consider [ ] affidavits under [Rule 56(d)] does 'oppose' the entering of summary judgment." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir.1990). Summary judgment should not be granted when one party has yet to exercise its opportunities for pretrial discovery pursuant to Fed. R. Civ. P. 56(d). *See, National Life Ins. Co. v. Solomon*, 529 F.2d 59 (2d Cir.1975). "The general principle of Rule [56(d)] is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc*., 232 F.3d 779, 793 (10th Cir.2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

# DISCUSSION

A party requesting a continuance pursuant to Rule 56(d) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts are essential to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(d); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2740 (3d ed.1998) ("when the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)"). Accordingly, this Court will consider the specific facts that defendants seek to discover, whether the proposed discovery addresses those specific facts, and whether the specific facts and proposed discovery are essential to defendants' opposition to the pending summary judgment motions.

## Specific Facts

Defendants seek responses to one set of interrogatories and one set of document requests, and seek to take one Rule 30(b)(6) deposition.

### *Interrogatories*

Defendants' proposed interrogatories are as follows:

1. If you are an individual plaintiff, state whether you applied to ARB to use an alternative pathway under Method 2B of the LCFS.
2. If your answer to Interrogatory No. 1 is no, state why you did not so apply.
3. If you are not an individual plaintiff, state which, if any, of your members applied to ARB to use alternative pathways under Method 2B of the LCFS. For any of your members who did not so apply, identify the member and state the reasons why such application was not made.
4. If you are an individual plaintiff, state whether you applied to ARB to use an alternative pathway under Method 2A of the LCFS.
5. If your answer to Interrogatory No. 4 is no, state why you did not so apply.
6. If you are not an individual plaintiff, state which, if any, of your members applied to ARB to use alternative pathways under Method 2A of the LCFS. For any of your members who did not so apply, identify the member and state the reasons why such application was not made.

7. State a) the dates on which you or your members commenced construction of their production facilities, b) the dates you or they began operating the plants, c) the permitted capacity of any plants under construction as of December 19, 2007, and d) identify any acknowledgment from U.S. EPA that ethanol from those plants qualifies as "renewable fuel" under EISA.

8. For any plants under construction as of December 19, 2007, identify each such plant that has applied to ARB for an individualized carbon intensity score under wither Method 2A or Method 2B of the LCFS.

9. State the results of all internal studies or analysis in your custody or control that relate to the scope and/or pricing for the non-California ethanol market for the years 2011-2021 or any period therein.

10. Do you contend that you (or any of your members) will lose profits if the LCFS is not enjoined? If so, state the amount of lost profits that each of you (or your members) claim and state all facts and identify all documents on which these claims are based.

11. Do you contend that you (or any of your members) will go out of business if the LCFS is not enjoined? If so, state all facts and identify all documents upon which these claims are based.

12. Do you or your members contend that the LCFS has discriminatory effects on non-California ethanol producers and/or suppliers? If so, state all facts and identify all documents on which this contention is based.

13. Describe any energy efficiency improvements that you or your members have made since 2007.

14. Identify all ethanol production facilities owned or operated by you or your membe3rs which have suffered a loss of market share as a result of the LCFS.

15. Identify all ethanol production facilities owned or operated by you or your members which have been unable to obtain financing as a result of the LCFS.

16. Do you or your members contend that the LCFS will not have any effect on the results of climate change in California? If so, state all facts and identify all documents on which this contention is based.

*Request for Document Production*

Defendants request that plaintiffs product all documents identified in the response to the

interrogatories No. 7, 9, 10, 11, 12, and 16.

*Deposition*

Defendants seek to take the deposition of Robert Dinneen ("Mr. Dinneen"), President and CEO of the Renewable Fuels Association, a plaintiff in this action. Defendants contend that Mr. Dinneen gave a presentation to Wall Street analysts in December 2010 entitled "Ethanol Industry Update" in which Mr. Dineen neglected to mention the LCFS or its allegedly devastating effect on the corn ethanol industry. Defendants seek to depose Mr. Dinneen to gather information related to this presentation.

**Rocky Mountain Plaintiffs**

Although they find some of the discovery requests "puzzling," the Rocky Mountain plaintiffs are prepared to provide the information sought by Defendants in their discovery request, and willing to do so. Thus, Rocky Mountain plaintiffs do not oppose this Rule 56(d) continuance. Accordingly, this Court GRANTS defendants' limited discovery requests as to the Rocky Mountain plaintiffs.

The Rocky Mountain plaintiffs make clear, however, that they "take at face value defendants' statement that their discovery requests were intended to be 'limited,' 'carefully tailored,' 'straightforward,' and cause a six-week delay in the schedule previously set by this Court." This Court also takes these statements made by defendants at face value. Accordingly, this Court agrees with the Rocky Mountain plaintiffs that a briefing schedule should be set for the supplemental briefing of the pending motions and GRANTS in part that request.

**National Petrochemical Plaintiffs**

The National Petrochemical plaintiffs oppose defendants' Rule 56(d) motion to the extent that it would permit discovery that is not relevant to National Petrochemical plaintiffs' summary judgment motion. In the interest of comity, the National Petrochemical plaintiffs will not oppose a short delay if other parties agree to conduct limited discovery, but the National Petrochemical plaintiffs contend that none of the defendants' discovery requests seek facts that are essential to oppose the limited legal issues presented in their Rule 56 motion.

As to the deposition of Mr. Dinneen, the National Petrochemical plaintiffs do not specifically oppose the deposition request. Both the Rocky Mountain plaintiffs and defendants aver that the National Petrochemical plaintiffs have agreed to produce Mr. Dinneen for a deposition. This Court considers the

National Petrochemical plaintiffs' failure to oppose specifically this request as a non-opposition. Accordingly, this Court GRANTS defendants' limited discovery request as to Mr. Dinneen.

As to the specified interrogatories and requests for document production, this Court must determine whether defendants' limited discovery request seeks information that is essential to oppose the National Petrochemical plaintiffs' summary judgment motion. The National Petrochemical plaintiffs correctly point out that their Rule 56 motion is narrower than that filed by the Rocky Mountain plaintiffs. The National Petrochemical plaintiffs' summary adjudication motion is limited to two claims under the Commerce Clause–(1) impermissible discrimination under interstate and foreign commerce and (2) extraterritorial regulation of interstate and foreign commerce outside California–and does not address arguments related to the Supremacy Clause. The National Petrochemical plaintiffs further point out that defendants are not seeking discovery related to the extraterritorial claim or that the LCFS discriminates on its face and that its purpose is to favor California transportation fuels. Defendants concede that their discovery requests are related to the plaintiffs' claims as they relate to the "effects" of the LCFS. Moreover, the National Petrochemical plaintiffs argue that defendants are seeking information they possess.

This Court agrees that defendants' interrogatory and requests for document production do not seek information that is essential to oppose the National Petrochemical plaintiffs' summary adjudication motion. Defendants' interrogatories either seek information that they possess, seek information related to the Supremacy Clause claim not raised by the National Petrochemical plaintiffs, or seek information related to effects of the LCFS. The National Petrochemical plaintiffs make clear that their motion is not based on whether the effects of the LCFS are discriminatory, and that the motion is based solely on a question of law. Accordingly, this Court DENIES defendants' request as to the interrogatories and requests for production as to the National Petrochemical plaintiffs.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS in part and DENIES in part defendants' Rule 56(d) motion for a continuance;
2. GRANTS defendants' unopposed, limited discovery request in full as to the Rocky Mountain plaintiffs;

3. GRANTS defendants' unopposed request to depose Mr. Dinneen;

4. DENIES defendants' interrogatory request and request for production of documents as to the National Petrochemical plaintiffs;

5. GRANTS the Rocky Mountain plaintiffs' request to set a further briefing schedule; and

6. SETS the following further briefing schedule:

   a. Plaintiffs' responses to defendants' discovery requests and the Rule 30(b)(6) deposition of Mr. Dinneen shall be conducted no later than **February 3, 2011**;

   b. No later than **February 7, 2011**, the parties shall file a joint status report to update the Court as to status of the limited discovery granted in this order. The Court will consider whether all parties have been diligent and requests if a party has not proceeded in a diligent and efficient manner;

   c. Defendants' supplemental briefs on the pending motions shall be filed no later than **February 17, 2011**;

   d. Amicus Curiae briefs, if any, shall be filed no later than **February 28, 2011**;

   e. Plaintiffs' oppositions and reply briefs on all pending motions shall be filed no later than **March 11, 2011**;

   f. Defendants' reply in support of their cross-motion for summary judgment shall be filed no later than **March 25, 2011**;

   g. After reading and reviewing the parties' arguments and attachments thereto, this Court shall consider whether to set a date for a hearing on the pending motions.

IT IS SO ORDERED.

**Dated:   January 14, 2011**                    **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE