1 **JONES HELSLEY PC**
2 265 E. River Park Circle, Suite 310
  Post Office Box 28340
3 Fresno, California 93720
  Telephone: (559) 233-4800
4 Facsimile: (559) 233-9330

5 Timothy Jones #119841
  John P. Kinsey #215916
6

7 Attorneys for:   All plaintiffs in Case No. 1:09-CV-02234-LJO-DLB

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION; REDWOOD COUNTY MINNESOTA CORN AND SOYBEANS GROWERS; PENNY NEWMAN GRAIN, INC.; FRESNO COUNTY FARM BUREAU; NISEI FARMERS LEAGUE; CALIFORNIA DAIRY CAMPAIGN; REX NEDEREND; GROWTH ENERGY and the RENEWABLE FUELS ASSOCIATION<br><br>Plaintiffs,<br><br>v.<br><br>JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board,<br><br>Defendant.<br><br>and Related Consolidated Action | LEAD CASE NO.<br>1:09-CV-02234-LJO-DLB<br><br>*Consolidated With* Case No.:<br>1:10-CV-00163-LJO-DLB<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' RULE 56(D) MOTION** |

Plaintiffs Rocky Mountain Farmers Union; Redwood County Minnesota Corn And Soybeans Growers; Penny Newman Grain, Inc.; Fresno County Farm Bureau; Nisei Farmers League; California Dairy Campaign; Rex Nederend; Growth Energy and the Renewable Fuels Association (the "Rocky Mountain Plaintiffs") respectfully oppose Defendants' and Intervenors' Motion For Summary Judgment pursuant to Fed. R. Civ. P. 56(d) (the "56(d) Motion") (ECF Doc. 157).  Plaintiffs have provided all reasonably available non-privileged information

and documents within their possession, custody, or control, as required under the Federal Rules. Defendants, moreover, have not shown the discovery they want from Plaintiffs' members is essential to opposing the Rocky Mountain Plaintiffs' Summary Judgment Motion (ECF Doc. 112).

**INTRODUCTION**

Rule 56(d) provides that, to defer or deny a motion for summary judgment, the nonmoving party must show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

**I.  PLAINTIFFS HAVE PROVIDED ALL REASONABLY AVAILABLE INFORMATION AND PRODUCED ALL REASONABLY AVAILABLE DOCUMENTS WITHIN THEIR POSSESSION, CUSTODY, OR CONTROL.**

Defendants' motion should be denied because its premise is flawed. RFA and Growth Energy responded to Defendants' interrogatories with all non-privileged information reasonably available to them and produced all reasonably available relevant, non-privileged documents within their possession, custody, or control, after a diligent search, as required by Fed. R. Civ. P. 33 and 34.[1]

On January 14, 2011, the Court granted Defendants' request for limited discovery and gave Plaintiffs about three weeks to comply (ECF Doc. 157). Plaintiffs produced their interrogatory answers and relevant documents eight business days later, a week before the Court-ordered deadline of February 4, 2011. The interrogatories and documents were provided early to give Defendants' counsel time to prepare for RFA's 30(b)(6) deposition, which took place on February 4, 2011. During RFA's deposition, counsel for Defendants inquired not only about a document entitled "Ethanol Industry Update December 2010," which was the only topic identified in the deposition notice, but also about a declaration submitted by Mr. Dinneen with Plain-

---

[1] The seven non-producer RMFU plaintiffs originally objected to providing discovery, as Defendants plainly sought information from just the ethanol producer trade associations. Defendants failed (and continue to fail) to offer any rationale for why they need responses from the non-producer plaintiffs. Nonetheless, each of the seven non-producer plaintiffs subsequently provided substantive responses to Defendants' discovery requests on March 3, 2011. They have not withheld any information or documents on the basis that it is irrelevant to the pending summary judgment motion or opposition. On March 4, counsel for the non-producer plaintiffs contacted Defendants' counsel and offered to discuss whether Defendants needed to supplement their summary judgment briefing in light of the non-producer Plaintiffs' discovery responses. *See* Exh. A (J. Kinsey March 4, 2011 email to Gavin McCabe & David Pettit). Defendants never responded.

tiffs' Preliminary Injunction Motion and an annual report from RFA, which RFA had produced. Topics in the deposition wandered from the "Ethanol Industry Update" to RFA's current activities before Congress, the future of blends of ethanol and blender pumps, and the federal Renewable Fuel Standard 2. In short, Plaintiffs went out of their way to provide, in a timely manner, the relevant discovery that Defendants sought.[2]

Defendants make much of the fact that the trade associations' discovery responses did not include information or documents from their individual members. Significantly, neither RFA nor Growth Energy withheld any non-privileged documents or information from Defendants in response to the discovery requests, and Defendants do not claim that Plaintiffs withheld any. Defendants' complaint is that RFA and Growth Energy did not affirmatively seek out responsive information from their members (which number in the hundreds) to answer Defendants' interrogatories. *See* 56(d) Motion at 7. This complaint has no merit. Even when interrogatories explicitly seek answers *from* nonparty members (unlike here, where the interrogatories only sought answers *about* nonparty members), the Federal Rules do not oblige associational parties to canvas their members. "[C]ourts have uniformly denied litigants' attempts to use interrogatories to obtain information from non-parties." *Ackah v. Greenville County Sch. Dist.*, 2008 WL 972448 (D.S.C. Apr. 9, 2008); *see Jackson v. Boise Locomotive*, 2009 WL 2252246 (S.D. Tex. July 28, 2009) (denying motion to compel answers to interrogatories seeking information from a party's nonparty employees, finding "no basis to conclude that [the party] has been evasive or has not complied with [the other party's] discovery requests"); *see also Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Any interrogatories … served on non-parties are a nullity. Discovery of nonparties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45."). In other words, because "interrogatories directed to non-parties [are an] apparent violation of Fed. R. Civ. P. 33," *United States v. Lot 41, Berryhill*

---

[2] It is important to note that Defendants did not include the entirety of Plaintiffs' interrogatory responses in its exhibits to its 56(d) Motion. *See* Exh. A to Feb. 18, 2011 Decl. of Mark Poole (ECF Doc. 175-1). It omitted 6 pages of tables from RFA's answers that provided (i) the name of each RFA member whose facilities produce ethanol; (ii) the year in much the member announced that its facility had commenced construction or expansion; (iii) the year in which it was publicly reported that the facility began operating; (iv) the publicly reported "nameplate capacity" of the facility; and (v) whether the member or the facility is listed on EPA's January 10, 2011 "RFS2 Registered Renewable Fuel Producer List."

*Farm Estates*, 128 F.3d 1386, 1397 (10th Cir. 1997), it is Defendants, not Plaintiffs, who have failed to follow the rules.

Moreover, as counsel for RFA explained to Defendants by telephone and letter, RFA is a national trade association subject to federal and state antitrust laws, and it does not gather nonpublic business information from or about its individual members, particularly information about their losses and financing (Defendants' Interrogatories 10, 11, and 15), market share (Interrogatory 14), efficiency (Interrogatory 13), and business and operational decisions (Interrogatories 3, 6, 7, 8). *See generally* Exh. A to Feb. 18, 2011 Decl. of Mark Poole (ECF Doc. 175-1). Upon advice of its antitrust counsel, RFA declined to do so in response to Defendants' interrogatories and informed Defendants of its decision and reasons. In an attempt to accommodate Defendants, RFA offered to consider asking an outside third party to collect some information from its members anonymously and in the aggregate.[3] Defendants refused the offer, and RFA did not pursue the matter further.

Defendants also complain that RFA "refused to stipulate to [Defendants] seeking information directly from its members." 56(d) Motion at 7. But as counsel for RFA has explained to Defendants, RFA has no authority or control over its more than 100 members and cannot require them to do anything in a lawsuit in which they are not a party. Not even a court can order nonparty members of an association to answer interrogatories. *See Univ. of Tex. v. Vratil*, 96 F.3d 1337, 1339-40 (10th Cir. 1996) (issuing a writ of prohibition to a district court that ordered members of the NCAA, an unincorporated association, to answer interrogatories propounded on the NCAA). Defendants cite two cases in support of their view that RFA and Growth Energy cannot use their "status as trade associations" and deny "access to necessary and relevant information." 56(d) Motion at 8. That truism is utterly irrelevant. Defendants' discovery requests sought only information "*about* [RFA's and Growth Energy's] members," *La. Debating & Literary Ass'n v. New Orleans*, 42 F.3d 1483, 1499 (5th Cir. 1995) (emphasis added) (cited by CARB), and Plaintiffs gave what they had available.[4] Dissatisfied with the result, Defen-

---

[3] RFA had done so once in the past, although not in the context of litigation. *See* Exh. A to Feb. 18, 2011 Decl. of Mark Poole at p. 4 (ECF Doc. 175-1).

[4] The other case Defendants cite also involved an attempt to get information *about* a party's members through the party's membership files, not direct access to the party's members. *See Marrese v. Am. Academy of Orthopaedic*

4

dants now want information *from* RFA's and Growth Energy's members. The Federal Rules provide adequate means for third-party discovery, which Defendants have yet to invoke. *See, e.g.*, Fed. R. Civ. P. 45. Defendants therefore cannot credibly complain about RFA's and Growth Energy's refusal to "stipulate" to discovery on their members. Defendants' failure to pursue such discovery on their own is no reason to deny Plaintiffs' summary judgment motion.

Defendants complain that Growth Energy offered to provide information about its membership, but only under a protective order, and that the offer "is too little too late." 56(d) Motion at 7. After the conference in Magistrate Judge Beck's chambers on October 13, 2010, when the Court set the schedule for briefing the Preliminary Injunction Motion, Growth Energy's counsel advised CARB's counsel that (1) it would use expert opinion to support the Preliminary Injunction Motion, and (2) those experts would be prepared to provide the back-up information on which they planned to rely in their analyses, which some Growth Energy members had made available to Plaintiffs' experts—but not to Growth Energy itself.[5] Growth Energy's counsel offered to provide that confidential information to Defendants' counsel pursuant to a protective order, if they could agree to one. A draft of a proposed protective order was sent to Defendants' counsel soon after Plaintiffs filed their motion for a preliminary injunction. Defendants only responded to that offer *last week*; they therefore have only themselves to blame for any delay.[6]

Finally, Defendants' <u>extensive</u> use of the information provided by RFA and Growth Energy counters any implication that Plaintiffs have given them no relevant discovery. In their Supplemental Memorandum opposing Plaintiffs' Summary Judgment Motion, for instance, Defendants cite documents produced by Growth Energy 27 times, documents produced by RFA 20 times, and the 30(b)(6) deposition given by RFA's president 12 times (ECF Doc. 173); Defendants' exhibits include 32 pages of documents produced by RFA, 13 pages of documents produced by Growth Energy, and a study identified by RFA in its interrogatory answers. Simi-

---

*Surgeons*, 726 F.2d 1150, 1160-61 (7th Cir. 1984), *rev'd* 470 U.S. 373 (1985).
[5] Thus, Growth Energy has never had possession of the confidential information.
[6] Exhibit C to the Harden Declaration (ECF Doc. 124), which was submitted to the Court under seal pursuant to this Court's order (ECF Doc. 131), was provided to counsel for Defendant Goldstene pursuant to a letter agreement.

larly, in their Amended Statement Of Disputed Facts, Defendants cite Plaintiffs' interrogatory answers, documents, and deposition testimony at least 47 times (ECF Doc. 173-1).  Thus, Defendants' own actions confirm that Plaintiffs' discovery responses were useful for Defendants' apparent needs.

## II. DEFENDANTS' DISCOVERY REQUESTS ARE NOT ESSENTIAL TO OPPOSING PLAINTIFFS' SUMMARY JUDGMENT MOTION.

Although Defendants' motion requests that Plaintiffs' Summary Judgment Motion be denied *in its entirety*, Defendants acknowledge on the first page of their memorandum that their new discovery requests address less than the entirety of the Summary Judgment Motion.  56(d) Motion at 1.[7]  Two pages later, Defendants confirm that the additional discovery targets only a portion of Plaintiff's Summary Judgment Motion:  Parts I.C, III, and IV.  56(d) Motion at 2-5.  When Defendants initially sought discovery in response to Plaintiffs' Summary Judgment Motion, they explicitly did not seek discovery related to Plaintiffs' discrimination and extraterritoriality claims (Parts I.A and I.B).  In accordance with Defendants' self-imposed limitation, the Court excused co-Plaintiff NPRA from discovery because NPRA's summary judgment motion raised only discrimination and extraterritoriality claims.  Therefore, the relief Defendants now seek—summary judgment on *all* of Plaintiffs' claims—is plainly overbroad.

Nor have Defendants demonstrated that, without further discovery, they "cannot present facts *essential* to justify [their] opposition" to Parts I.C., III and IV of Plaintiffs' Summary Judgment Motion.  As Plaintiffs make clear in their Summary Judgment Reply Brief, all of Defendants' discovery requests are *inessential*.

(1) <u>Part I.C</u> — Defendants want discovery to disprove CARB's own studied and publicly announced predictions that the LCFS will have the effect of favoring in-state interests and that the LCFS was designed to ban Midwest ethanol.  *See* 56(d) Motion at 3; *see also* FSOR 479, 499, 749 (noting that the result of the LCFS will be to "displace[] … imported blendstocks" with "biofuels produced in the State," thus increasing California "employment" and California's "tax base," and "keep[ing] more money in the State").  Defendants rip two

---

[7] Defendants state "[i]n particular, at a minimum, Defendants respectfully request that the Court deny summary judgment on any of the grounds asserted in Parts I.C, III and IV of Rocky Mountain Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Summary Judgment."  56(d) Motion at 1.

quotes from Plaintiffs' Summary Judgment Motion out of context: Plaintiffs' dormant commerce clause discrimination claim cited the LCFS's effects *in Part I.B* (not, as Defendants erroneously assert, Part I.C, which explains why the LCFS fails strict scrutiny), and then only to show that those effects were CARB's own predictions, publicly declared when CARB announced the LCFS regulation, and that "CARB embraced" the LCFS's discriminatory effects as a reason for adopting the regulation. *See* RMFU SJ Motion at 8. As Plaintiffs confirm in their Summary Judgment Reply Brief, their discrimination claim is premised on facial discrimination and discriminatory purpose, not on discriminatory effects. *See* RMFU SJ Reply at 2-5. The additional discovery Defendants now seek will not show why the LCFS does not facially discriminate; nor will it show that CARB had a nondiscriminatory purpose when it adopted the LCFS.

   (2) <u>Part III</u> — Defendants seek discovery on Plaintiffs' *Pike* claim (Part III) on the view that the Court needs to measure the precise burden the LCFS has imposed on interstate commerce. *See* 56(d) Motion at 3. That mischaracterizes Plaintiffs' *Pike* claim. Plaintiffs contend that, because CARB has admitted that the LCFS will have *no* environmental benefits, even small burdens on interstate commerce (several of which Defendants' own experts and evidence confirm already are taking place) is enough to doom the regulation as excessively burdensome. *See* RMFU SJ Reply at 11-13; *see also* FSOR 477, 715 ("Without the wider adoption of fuel carbon-intensity standards" there will be "little or no net change in fuel carbon-intensity on a global scale"). It is therefore not essential for Defendants to take discovery of Plaintiffs' members simply to disprove the harshest of CARB's future predictions.

   (3) <u>Part IV</u> — Defendants seek discovery on Plaintiffs' conflict preemption claim, again to disprove CARB's predictions of harmful effects on grandfathered corn ethanol producers. *See* 56(d) Motion at 4. Plaintiffs' Summary Judgment Reply refutes this theory for discovery. The conflict Plaintiffs allege turns on irreconcilable federal and state requirements: can California require grandfathered ethanol to demonstrate a reduction in carbon intensity to be marketable in California when Congress has declared that grandfathered ethanol should not have to reduce its carbon intensity in order to be competitive in the domestic market. *See*

RMFU SJ Reply at 17-18.  Furthermore, Defendants' contention that discovery is needed to show that Plaintiffs lack standing to pursue their conflict preemption claim is frivolous in light of the fact that the LCFS undisputedly regulates Plaintiffs' members *today*.  *See* RMFU SJ Reply at 14-16.  Active regulation of a state law is the prototypical Article III injury.  *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) (explaining that where "the plaintiff is … an object of the [government] action … at issue[,]" "there is ordinarily little question that the [government] action … has caused [the plaintiff] injury, and that a judgment preventing … the [government] action will redress it"); *United States v. City of Arcata*, 629 F.3d 986, 989-90 (9th Cir. 2010) (finding standing where plaintiff was "target of the challenged government action" and the challenged action "require[d plaintiffs] to alter their conduct").  Discovery will not disprove that.

Finally, it is noteworthy that Plaintiffs themselves have not relied upon any information from their members to support the Summary Judgment Motion.  It presents purely legal claims (*i.e.* claims that rely exclusively on the face of the LCFS regulation) and, insofar as facts are relevant, they are either undisputed or taken directly from admissions CARB made in its rulemaking documents.  *See generally* Plaintiffs' Stmt. of Undisputed Fact (ECF Doc. 114).  Defendants cannot plausibly maintain that discovery of Plaintiffs' members is therefore necessary to impeach evidence critical to Plaintiffs' Summary Judgment Motion.[8]

---

[8] Plaintiffs have relied on information that some of Growth Energy's members provided directly to Plaintiffs' experts, in support of their Preliminary Injunction Motion—not their Summary Judgment Motion.  As discussed above, that information will be provided to Defendants upon execution of a protective order, the terms of which Defendants and counsel for Growth Energy are still negotiating.  Counsel for Growth Energy originally proposed a protective order to address Exhibit C to the Harden Declaration in November 2010.  In the interim, counsel for Growth Energy are again prepared to provide any confidential information being submitted under seal to counsel for Defendant Goldstene, pursuant to a letter agreement.

# CONCLUSION

Plaintiffs have provided all relevant non-privileged information that was reasonably available to them, including relevant documents that were in their possession, custody, or control, after a diligent search. It was incumbent upon Defendants to recognize they might need discovery from third parties and seek that discovery well before now. Deferral or denial of Plaintiffs' Summary Judgment Motion is not warranted, and the Rocky Mountain Plaintiffs respectfully request that the Court deny Defendants' Rule 56(d) Motion.

Dated: March 14, 2011

Respectfully submitted,

By: /s/ Timothy Jones
Timothy Jones #119841
John P. Kinsey #215916
JONES HELSLEY PC
265 E. River Park Circle, Suite 310
PO Box 28340
Fresno, CA 93720
Attorneys for all plaintiffs

Charles H. Knauss
Thomas R. Lotterman
Bryan M. Killian
(*Admitted Pro hac vice*)
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
(202) 373-6000
Attorneys for plaintiff Renewable Fuels
  Association

Stuart A. C. Drake
John C. O'Quinn
(*Admitted Pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
Attorneys for plaintiff Growth Energy

**PLAINTIFFS' MEM. IN OPPOSITION TO DEFENDANTS' RULE 56(D) MOTION**