**JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Post Office Box 28340
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Timothy Jones #119841
John P. Kinsey #215916

Attorneys for:  Plaintiffs Rocky Mountain Farmers Union; Redwood County Minnesota Corn And Soybeans Growers; Penny Newman Grain, Inc.; Fresno County Farm Bureau; Nisei Farmers League; California Dairy Campaign; Rex Nederend; Growth Energy and the Renewable Fuels Association

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION; REDWOOD COUNTY MINNESOTA CORN AND SOYBEANS GROWERS; PENNY NEWMAN GRAIN, INC.; FRESNO COUNTY FARM BUREAU; NISEI FARMERS LEAGUE; CALIFORNIA DAIRY CAMPAIGN; REX NEDEREND; GROWTH ENERGY and the RENEWABLE FUELS ASSOCIATION,<br><br>          Plaintiffs,<br><br>   v.<br><br>JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board,<br><br>          Defendant.<br><br>and Related Consolidated Action | LEAD CASE NO.<br>  1:09-CV-02234-LJO-DLB<br><br>*Consolidated With* Case No.:<br>  1:10-CV-00163-LJO-DLB<br><br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE REBUTTAL DECLARATIONS AND EVIDENCE SUBMITTED IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION (ECF # 212)** |

    Plaintiffs Growth Energy and the Renewable Fuels Association filed their motion for a preliminary injunction in this action on November 1, 2010. In the five months since, the California low-carbon fuel standard ("LFCS") regulation has gone into full effect. Meanwhile, defendants have been allowed to pursue discovery (and motions practice related to discovery) involving not this preliminary injunction motion, but the separate motions for summary judgment

filed by all parties in these consolidated actions. The motion to strike is a last-minute attempt to open a new front in defendants' effort to delay the submission of any substantive motions to this Court. The motion to strike should be denied, for the reasons set forth below.[1]

1. The declarations submitted by plaintiffs with their reply brief address new facts and evidence not available in November 2010. Late in 2010, a handful of Midwestern ethanol producers (about 25, out of an industry with more than 200 producers) were awarded carbon-footprint (or "carbon-intensity") scores that were lower than those previously assigned to them.[2] That has enabled those Midwestern producers to remain in the California corn ethanol market, at least temporarily. There are now different spot prices in California for (1) ethanol to which the LCFS regulation assigns a carbon intensity score that is significantly below the carbon-intensity levels assigned to gasoline, and (2) ethanol assigned carbon-intensity scores that are close to gasoline.[3]

2. As it has now been implemented, the LCFS regulation is thus creating a new set of "winners" and "losers" in the California energy market. The Midwestern corn ethanol producers who have been awarded low carbon-intensity values can remain in the California market for the time being, and obtain in the short term what one of defendants' declarants calls a "price premium." (Waugh Decl. ¶ 13.) Other Midwestern ethanol producers who are still assigned carbon-intensity values at or close to those assigned to gasoline must either accept lower prices for their ethanol, or leave the California market and sell elsewhere.[4] The extent of the price gap between the firms that are favored and those that are disfavored by the California regulation is shown in spot-price data appended under seal to one of the declarations filed by plaintiffs on

---

[1] In a separate memorandum, plaintiffs respond to the evidentiary objections appended to defendants' motion to strike. *See* ECF # 215.

[2] *See* Defendants' Supplemental Memorandum in Opposition to RMFU Plaintiffs' Motion for Summary Judgment (filed February 18, 2011) (ECF# 173) at 10-11.

[3] Defendants have conceded this point. *See* Declaration of Michael Waugh in Support of Defendants' Supplemental Briefs in Opposition to RMFU Plaintiffs' Motion for Summary Judgment and Motion for Preliminary Injunction (filed Feb. 18, 2011) (ECF # 173-2) ("Waugh Decl.") ¶ 11.

[4] New evidence shows that at least one such former Midwest supplier of the California market has now exited California. *See* Rebuttal Declaration of Stuart H. Harden (filed March 14, 2011) (ECF # 193-4) ("Harden Rebuttal Decl.") ¶ 38.

March 14.[5]  This post-2010 evidence of the impact of the LCFS regulation on the California ethanol market was unavailable when a preliminary injunction motion was filed.  Its admission and consideration by the Court is entirely proper.  *See, e.g., Resource Lenders, Inc. v. Source Solutions, Inc.*, 404. F. Supp. 2d 1232, 1236-37 (E.D. Cal. 2005).[6]

3. Plaintiffs' reply declarations that offer new analyses of the impact of the LCFS regulation have a simple purpose.  Defendants assume, erroneously, that because *some* Midwestern ethanol producers have been granted a temporary reprieve from being excluded from the California market, there is no irreparable injury to *any* Midwestern producers.[7]  Plaintiffs' reply declarations explore and quantify the extent of defendants' error.  Specifically:

- Dr. David's reply declaration assumes for the sake of defendants' argument that the main near-term effect of the LCFS regulation will be to require "fuel shuffling" of ethanol across the nation, as (i) low-carbon-intensity ethanol goes to California and (ii) other, disfavored ethanol (*i.e.*, ethanol not awarded low-carbon scores) is shipped elsewhere.  *See* Rebuttal Declaration of Jesse David (ECF # 193-3) ¶¶ 1-2, 5-12.  On that assumption, and using the examples chosen by Dr. David, Midwest producers as a whole would pay approximately $7.3 to $14.5 million in higher freight costs to deliver their ethanol.  *Id*. ¶ 7.  In addition, under historical price margins, the Midwest firms who must "shuffle" out of the California market will lose an average of 5 cents per gallon if they have to shift to markets closer to home.  *Id.* ¶ 10.  Dr David estimates the losses for that group of producers at $10 to $20 million in 2011, depending on the specific extent of fuel-shuffling that occurs.  *Id.*

- Using end-of-2010 financial information not available to him in November 2010, Mr. Harden's reply declaration accepts for the sake of analysis a hypothesis that no Midwest

---

[5] *See* Declaration of Robert Whiteman in Support of Plaintiffs' Motion for Preliminary Injunction (filed March 14, 2011) (ECF # 193-1).

[6] *Accord El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003); *Iconix Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2009); *cf. Wallace v. Countrywide Home Loans, Inc*., No. 08-1463 AG, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (court could refuse to consider "evidence submitted for the first time in a reply *if the evidence should have been presented with the opening brief*") (emphasis added).

[7] *See, e.g.,* Defendants' Motion to Strike at 12 (if producers with "lower carbon intensity might well be *Midwestern* sources," there would be "no displacement of *Midwestern* ethanol at all") (emphasis added).

3

PLAINTIFFS' OPP. TO MOT. TO STRIKE DECLARATIONS SUBMITTED IN SUPPORT OF P.I. REPLY MEM.

producer will be required to exit the California market in the near term, so that the losses in income from the California market can be postponed until 2017 or 2018.[8]  Granting that hypothesis, Mr. Harden demonstrates that the present reduction in value of investments in the 10 Midwest plants who sold substantial volume of ethanol through the end of 2010, and who have provided financial records to him, is between $26 and 31 million.  *See* Harden Rebuttal Decl. ¶ 39.  For investors in those plants who are attempting to value their portfolios, the LCFS regulation has therefore already caused significant losses.

      4.    None of the cases cited by defendants support the exclusion of reply declarations that address developments occurring since the opening brief was filed in November 2010.[9]  Likewise, the brief reply declaration by Mr. Lyons, and other portions of the declarations by Dr. David and Mr. Harden, respond to and rebut as succinctly as possible the contents of two lengthy declarations filed by defendants (one being 99 paragraphs and 29 pages long, and the other 89 paragraphs and 38 pages).  Focused, specific rebuttals are clearly permissible, and defendants cite no cases to the contrary.  *See, e.g., Westmark Dev. Corp. v. City of Burien*, No. 08-1727 RSM, 2011 WL 252917, at *2 (W.D. Wash. Jan. 26, 2011); *Kinjo v. Champion Shipping AS*, No. 09-cv-03603, 2010 WL 3069343, at *1 n.2 (E.D. Cal. Aug. 4, 2010); *In re Katz Interactive Call Processing Patent Litig.*, Nos. 07-ML-01816; 07-cv-4965, 2010 WL 3749833, at *4

---

[8] In their more than 100 pages of opposition to the preliminary injunction, defendants offer no evidence that Midwest corn ethanol can survive in the California market over the long term, past the next few years.  Nor could they do so and preserve the theoretical purposes of the LCFS regulation, because a program that would remain substantially dependent on Midwest corn ethanol could not achieve the shift to advanced alternative fuels that CARB claimed it would obtain when it adopted the regulation in 2009.

[9] Defendants' cases stand, at most, for the proposition that courts exclude new evidence offered with reply papers that could have been tendered with an opening brief.  *See, e.g., Gold v. Wolpert*. 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) (refusing to consider, on appeal of motion to dismiss, evidence because "there [was] no good reason why this letter could not have been included with the amended complaint."); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (considering declaration submitted with reply brief while noting in *dicta* its potential procedural flaws).  In those cases, and others cited by defendants, there is no indication that the party tendering the new evidence demonstrated that the new evidence was not available when the opening brief was filed. *See United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1132 n.1 (C.D. Cal. 2008)*; Contratto v. Ethicon, Inc.*, 227 F.R.D. 304 (N.D. Cal. 2005)*; Payne v. Giant Food, Inc.*, 346 F. Supp. 2d 15  (D.D.C. 2004); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208 (W.D. Wash. 2003)  Here, plaintiffs have demonstrated that they could not have provided the new evidence and analysis when their opening brief. *Wong v. Hayakawa*, 464 F.2d 1282 (9th Cir. 1972) does not involve declarations submitted on reply.

4

**PLAINTIFFS' OPP. TO MOT. TO STRIKE DECLARATIONS SUBMITTED IN SUPPORT OF P.I. REPLY MEM.**

(C.D. Cal. July 2 2010); *Grantz v. State Farm Mut. Auto. Ins. Co.*, No. 08-0855, 2009 WL 2870158, at *4 (C.D. Cal. Sept. 2, 2009).

5. The motion to strike should therefore be denied. Nor is there cause to grant defendants' request that they be allowed another three to four weeks to prepare "surreply" papers. *See* Defts Mot. at 3 n.1 (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). The standard for another extension of time in this case is, as this Court has made very clear, "**good cause**." *See*, *e.g.*, Court's Response to February 8, 2011 Status Report (filed Feb, 10, 2011) (ECF # 161) at 1-2. Defendants' footnote application for more time does not specify **any** specific cause for more time to prepare and file additional papers. To the extent that defendants have any right to respond, *see Provenz*, they have now availed themselves of that right: their motion to strike includes a raft of objections to plaintiffs' evidence as irrelevant or incompetent, and on that view the evidence should need no further attention from them. Having now delayed submission of this motion for five months, and in the absence of a particularized showing of a need for further evidentiary submissions to answer specific points in the reply declarations, defendants should not be allowed to delay it any longer.

For the foregoing reasons, the motion to strike should be denied.

DATE:  April 1, 2011                    Respectfully submitted,

                                        By:___/s/__Timothy Jones_____
                                        Timothy Jones #119841
Charles H. Knauss (*pro hac vice*)      John P. Kinsey #215916
Thomas R. Lotterman (*pro hac vice*)    JONES HELSLEY PC
Bryan M. Killian (*pro hac vice*)       265 East River Park Circle, Suite 310
BINGHAM McCUTCHEN LLP                   PO Box 28340
2020 K Street, NW                       Fresno, CA  93720
Washington, DC  20006-1806                   Attorneys for all Plaintiffs
Telephone:   (202) 373-6000
     Attorneys for Plaintiff Renewable  Stuart A. C. Drake (*pro hac vice*)
     Fuels Association                  John C. O'Quinn (*pro hac vice*)
                                        KIRKLAND & ELLIS LLP
                                        655 Fifteenth Street, NW
                                        655 Fifteenth Street, NW
                                        Washington, DC  20005
                                        Telephone:   (202) 879-5000
                                             Attorneys for Plaintiff Growth Energy

**PLAINTIFFS' OPP. TO MOT. TO STRIKE DECLARATIONS SUBMITTED IN SUPPORT OF P.I. REPLY MEM.**