IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES GOLDSTENE, et al., <br><br> Defendants. | 1:09cv02234 LJO DLB <br><br> ORDER DENYING DEFENDANT AND DEFENDANT-INTERVENORS' MOTION TO COMPEL <br><br> (Document 162) |

   On February 11, 2011, Defendant James N. Goldstene ("Defendant") and Defendant-Intervenors National Resources Defense Council, Inc., Conservation Law Foundation, Sierra Club and Environmental Defense Fund ("Defendant-Intervenors") filed the instant motion to compel further responses from Plaintiffs Renewable Fuels Assoc. ("RFA") and Growth Energy ("GE"). The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on April 8, 2011. Gavin McCabe appeared on behalf of Defendant. David Pettit appeared on behalf of Defendant-Intervenors. John Kinsey, Timothy Jones, Bryan Killian and Thomas Lotterman appeared on behalf of Plaintiff RFA. Mr. Kinsey and Mr. Jones also appeared on behalf of Plaintiff GE, along with Stuart Drake. Paul Zidlicky and James Coleman appeared on behalf of Plaintiff National Petrochemical & Refiners Assoc.

1

# BACKGROUND

This action involves two consolidated cases challenging the California Low Carbon Fuel Standard ("LCFS") on the grounds that it violates the Commerce Clause and is preempted by federal law. This motion to compel is brought against Rocky Mountain Plaintiffs RFA and GE.

The Rocky Mountain Plaintiffs filed their action on December 23, 2009. On November 1, 2010, the Rocky Mountain Plaintiffs filed a motion for summary judgment on all claims. In response, Defendant and Defendant-Intervenors filed oppositions to the motion and a rule 56(d) motion seeking responses to certain discovery. The Rocky Mountain Plaintiffs did not oppose the rule 56(d) motion and on January 14, 2011, the Court ordered the Rocky Mountain Plaintiffs to respond to the limited discovery.

On February 14, 2011, Defendant and Defendant-Intervenors filed this motion to compel against RFA and GE, two trade associations whose members produce ethanol for use in motor fuels. Defendant and Defendant-Intervenors seek to compel responses to the Court ordered discovery and/or impose evidentiary sanctions.

The parties filed their joint statement on March 11, 2011.

Initial disclosures have not occurred. On October 13, 2010, the Court set a briefing schedule for summary judgment motions and did not further schedule the action. There are three motions for summary judgment currently pending. Defendant and Defendant-Intervenors also filed a renewed rule 56(d) motion on February 18, 2011.

# DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Defendant and Defendant-Intervenors seek to compel responses to numerous interrogatories and document requests seeking information about RFA and GE's members. They argue that RFA

and GE brought this action on behalf of their members, alleging harm only to their members rather than to associations directly. Defendant and Defendant-Intervenors believe that the discovery will probe the impact of the LCFS on the members of RFA and GE.

In responding to the discovery, GE and RFA state that they have provided all information in their possession. GE and RFA explain their members are business entities that do not provide the associations with confidential business information.

At the hearing, the parties agreed that RFA and GE do not have the requested information in their possession, custody or control. The Court is therefore unable to compel RFA and GE to provide further responses.

Nevertheless, Defendant and Defendant-Intervenors are entitled to the identities of RFA and GE's members and can seek discovery directly from the members. RFA and GE state that they have provided a list of members and addresses in response to written discovery.

**ORDER**

Based on the above, Defendant and Defendant-Intervenor's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **April 11, 2011**             /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE