1  **JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
2  Post Office Box 28340
Fresno, California  93720
3  Telephone:  (559) 233-4800
Facsimile:  (559) 233-9330
4
Timothy Jones #119841
5  John P. Kinsey #215916

6  Attorneys for:   All Plaintiffs in Case No. 1:09-CV-02234-LJO-DLB

7  Kamala D. Harris,
Attorney General of California
8  Robert W. Byrne,
Supervising Deputy Attorney General
9  Gavin G. McCabe, State Bar No. 130864
Mark Poole, State Bar No. 194520
10  Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
11  San Francisco, CA  94102-7004
Telephone:  (415) 703-5582
12  Facsimile:  (415) 703-5480

13  Attorneys for: Defendants

14  [Additional counsel listed on signature page]

15
### UNITED STATES DISTRICT COURT
16
### EASTERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18 ROCKY MOUNTAIN FARMERS UNION; REDWOOD COUNTY MINNESOTA | LEAD CASE NO. 1:09-CV-02234-LJO-DLB |
| 19 CORN AND SOYBEANS GROWERS; PENNY NEWMAN GRAIN, INC.; | *Consolidated With* Case No.: |
| 20 FRESNO COUNTY FARM BUREAU; NISEI FARMERS LEAGUE; | 1:10-CV-00163-LJO-DLB |
| 21 CALIFORNIA DAIRY CAMPAIGN; REX NEDEREND; GROWTH ENERGY and the RENEWABLE FUELS ASSOCIATION | |
| 22 | **STIPULATION AND PROTECTIVE** |
| 23 Plaintiffs, | **ORDER IN CASE NO.: 1:09-CV-02234-LJO-DLB** |
| 24 v. | |
| 25 JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the | |
| 26 California Air Resources Board, | |
| 27 Defendant. | |
| 28 and Related Consolidated Action | |

{7011/005/00260904.DOC}                                       1

1    Pursuant to Local Rule 141 the Court has permitted certain materials containing
2  information claimed to be confidential business information to be filed under seal in Case No.
3  1:09-CV-02234.   Those materials were either provided by members of plaintiff Growth Energy
4  directly to experts retained for purposes of this litigation by Growth Energy (without having
5  been provided to other members, officers or staff of Growth Energy), or were prepared by those
6  experts and are claimed to reflect the contents of those materials.   To facilitate access to those
7  materials and to any other confidential materials that any party or non-party wishes to provide
8  to a party in this action, plaintiffs in Case No. 1:09-CV-02234 (hereinafter "plaintiffs"),
9  defendant James N. Goldstene, and defendant-intervenors stipulate and agree as follows:

10    1.    Use of Confidential Business Information.   Parties in Case No. 1:09-CV-02234
11  or non-parties may designate certain information that (i) they consider relevant to the claims
12  and defenses in this action, (ii) they consider to be business confidential information, and (iii)
13  they intend to provide to parties in this litigation as Confidential Business Information ("CBI").
14  Qualified Reviewers[1] shall use CBI solely for the conduct of this proceeding as expressly set
15  forth herein, and shall not use CBI for any other purpose, including without limitation any
16  business, governmental, political, or commercial purpose, or in any other administrative,
17  regulatory or judicial proceeding.

18    2.    Permissible Disclosure.   Following entry of this Stipulation and Protective
19  Order, counsel for plaintiffs shall provide to those eligible to become Qualified Reviewers who
20  have executed the Confidentiality Agreement with materials they have filed under seal, and
21  may also provide other information claimed to be CBI to those Qualified Reviewers. Certain
22  such CBI consisting of confidential financial information showing revenues, profits or losses at
23  specific ethanol production facilities or groups of facilities or proprietary models used in
24  financial analysis of revenues, profits or losses at specific production facilities or groups of
25  such facilities may be provided on a "read only" basis, at a location to be determined by the
26  company or companies owning such facilities, subject to the other requirements of this
27  Stipulation and Protective Order.   Subject to the other requirements of this Stipulation and

28

---

[1] Certain terms used in this Stipulation and Protective Order are defined below in Paragraph 12.
{7011/005/00260904.DOC}                2

Protective Order, a Qualified Reviewer shall not disclose information claimed to be CBI to any person or persons except support staff who are working in the office of that Qualified Reviewer under the supervision of that Qualified Reviewer and who are assisting that Qualified Reviewer in this proceeding. Qualified Reviewers may discuss information claimed to be CBI with other Qualified Reviewers.

3.     Protection of information claimed to be CBI.   Qualified Reviewers shall ensure that access to information claimed to be CBI and provided to them pursuant to this Stipulation and Protective Order is strictly limited as prescribed in this Stipulation and Protective Order. Qualified Reviewers shall ensure that information claimed to be CBI is used only as provided in this Stipulation and Protective Order, and that such information is not duplicated except to the extent necessary for use as permitted by this Stipulation and Protective Order (with appropriate security measures taken to ensure that any such copies are maintained in a confidential manner).

4.     Special Provisions for Certain Individuals Retained by Defendant.   The names of all Qualified Reviewers shall be provided to the parties upon execution of the Confidentiality Agreement, except as provided in this Paragraph.   If counsel for defendant have employed or intend to employ one or more consultants(s) in these proceedings whose identity they do not wish to disclose, and whom they wish to designate as Qualified Reviewers, or believe it is essential to obtain access to the CBI by members of their professional staff, they shall provide the names and sufficient identifying information concerning those individuals (hereinafter "non-disclosed Qualified Reviewers") to the Heming Morse Non-Involved Professional. Defendant Goldstene may designate  nine professional employees of the California Air Resources Board as non-disclosed Qualified Reviewers and defendant-intervenors as a group may designate a total of no more than four professional employees as non-disclosed Qualified Reviewers.[2]  The Heming-Morse Non-Involved Professional shall furnish the identity of such individuals to the company or other person who provided the information claimed to be CBI.

[2]  Defendant Goldstene reserves the right to propose to amend this Stipulation and Protective Order in order to designate additional professional employees of the California Air Resources Board as non-disclosed Qualified Reviewers.

{7011/005/00260904.DOC}            3

Unless there is an objection to disclosure of the information claimed to be CBI, and provided such consultant or consultants execute(s) the Confidentiality Agreement, the non-disclosed Qualified Reviewers shall be provided with access to the information claimed to be CBI.   An objection shall only be made on a good-faith basis and based on a specific and particularized showing that such disclosure would pose a heightened risk of misuse and/or disclosure of the information claimed to be CBI, and shall be presented to the Court in camera with any related necessary filings made under seal.  Neither the Heming-Morse Non-Involved Professional nor any company or other person to whom the Heming-Morse Non-Involved Professional conveys the identity or identities of non-disclosed Qualified Reviewers shall disclose that identity or those identities to any party in this litigation or to counsel for any party in this litigation or to any other person.  The Confidentiality Agreement as executed by the non-disclosed Qualified Reviewers shall be provided to and retained by counsel for defendant.

5.      Filings.  In any documents filed in this proceeding, no reference shall be made to the contents of the information claimed to be CBI unless such documents are filed as sealed documents in accordance with the requirements of the Local Rules of this Court.   Redacted copies of such documents shall be filed in the open record.  Courtesy copies of such documents shall also be redacted and shall not contain any reference to the contents of the information claimed to be CBI unless requested by the Court.   The copies of any documents filed under seal pursuant to this paragraph shall be marked in 12-point or larger typeface, "Confidential -- Contains Information Subject to Protective Order in Case No. 1:09-CV-02234-LJO-DLB, United States District Court, Eastern District of California."

6.      Disagreement concerning the Treatment of Information Claimed to be CBI.  If defendant or defendant-intervenors dispute (i) whether the information claimed to be CBI is entitled to confidential treatment, (ii) the denomination of information as "read-only" information for purposes of paragraph 2 of this Stipulation and Protective Order, or  (iii)  the conditions for access to "read-only" information, the parties shall treat the matter as a discovery disagreement pursuant to Local Rule 251.

///

{7011/005/00260904.DOC}                                    4

_____
STIPULATION AND PROTECTIVE ORDER IN CASE NO.: 1:09-CV-02234-LJO-DLB

7.      <u>Reservation of Positions; No Waiver</u>.  Entering into, agreeing to or complying with the provisions of this Stipulation and Protective Order shall not operate as admission or consent by the Qualified Reviewers that the information claimed to be CBI contains information entitled to confidential treatment.  Likewise, the provision of information claimed to be CBI by any provider of CBI shall not operate as an admission that such information was subject to access by plaintiffs or their counsel.  In obtaining access to the information claimed to be CBI, Qualified Reviewers agree that their access to and use of the information claimed to be CBI shall not be deemed a waiver of any entitlement to confidential treatment for such information.  Accordingly, each signatory to this Stipulation and Protective Order and each Qualified Reviewer agrees:  (1) not to assert any such waiver; (2) not to use the information claimed to be CBI to seek disclosure in any other proceeding; (3) that plaintiffs have not waived their position that they do not have access to CBI from other parties or non-parties; and (4) that accidental disclosure of the information claimed to be CBI shall not be deemed a waiver of any such entitlement.

8.      <u>Violations of this Stipulation and Protective Order; Reservation of Other Rights</u>.  Any individual provided the identity of any non-disclosed Qualified Reviewers under this Stipulation and Protective Order shall execute the Confidentiality Agreement.  When executed by an individual employed by a provider of CBI, the Confidentiality Agreement shall not be made public and shall be retained by the Heming Morse Non-Involved Professional.  By executing the Confidentiality Agreement, Qualified Reviewers and any person provided the identity of any non-disclosed Qualified Reviewers consent to the jurisdiction of this Court to remedy and punish any violation of this Stipulation and Protective Order.   Nothing in this Stipulation and Protective Order shall limit the rights of parties or non-parties to this litigation to seek remedies or to take other action permitted by law to protect their interests in confidential financial information, or to obtain remedies for violation of this Stipulation and Protective Order. Any remedies, including money damages, for a violation of this Stipulation and Protective Order may be sought only from any person or entity who has committed such a violation, and not from other persons or entities who may be aligned with that person or entity

1    in this litigation who did not commit such a violation.  It is a violation of this Stipulation and

2    Protective Order for any person to reveal the identity of a non-disclosed Qualified Reviewer,

3    except as authorized by this Stipulation and Protective Order.  If plaintiffs and/or counsel for

4    plaintiffs are informed of the identity of a non-disclosed Qualified Reviewer, plaintiffs' counsel

5    shall inform defendants' counsel and shall not use the information in any way in the litigation.

6            9.      Termination of Proceeding.  The provisions of this Stipulation and Protective

7    Order shall not terminate at the conclusion of this proceeding.  Within 30 days after conclusion

8    of this proceeding, which includes any final administrative or any final judicial appellate

9    review, Qualified Reviewers shall return all copies of  the information claimed to be CBI to

10   counsel for plaintiffs, or certify to counsel for plaintiffs, that all such copies have been

11   destroyed; except that in the case of persons who become non-disclosed Qualified Reviewers

12   under terms of Paragraph 4, counsel for defendant shall arrange for destruction of documents

13   containing such information and shall certify destruction of any and all such copies when it

14   occurs.

15           10.     Scope, Modification and Relief.  This Stipulation and Protective Order is

16   binding upon and applies to the parties who execute this Stipulation,    This Stipulation has not

17   been reviewed and is not being executed by plaintiffs in the related case (No. 1:10-CV-00163)

18   and the Stipulation and Protective Order is not binding upon nor does it apply to them, nor to

19   any non-party to  this case who does not choose to execute the Stipulation and to be bound by

20   this Stipulation and Protective Order.  Except as provided in Paragraph 6 with respect to the

21   disagreements specified therein, which shall govern such disagreements, any party to this

22   litigation, any non-party who has provided information claimed to be CBI for use in this

23   litigation and who chooses to execute this Stipulation, and any Qualified Reviewer may at any

24   time apply to the Court for modification of or relief from the provisions of Stipulation and

25   Protective Order, by way of motion that complies with the Local Rules of this Court.  Any such

26   motion filed *ex parte* shall provide at least seven calendar days' notice before submission of the

27   motion for action by the Court.

/// 

28

11.     Jurisdiction.  By execution of this Stipulation and Protective Order, either on its own behalf or through counsel, each signatory agrees to submit to the jurisdiction of this federal district court for purposes of resolving any disputes arising under this Stipulation and Protective Order.

12.     Definitions.   As used in this Stipulation and Protective Order, the term "Qualified Reviewer" means any person who has executed the Confidentiality Agreement and who is also:  (1) Counsel of Record for Defendant Goldstene and professional employees of the California Air Resources Board;  (2)  Counsel of Record for plaintiffs Growth Energy and the Renewable Fuels Association;  (3)  Counsel of Record for defendant-intervenors and no more than a total of four professional employees of defendant-intervenors taken as a group; and (4) consultants employed by defendant Goldstene for purposes of this proceeding.   The term "Confidentiality Agreement" refers to Exhibit A to this Stipulation and Protective Order.   The term "Heming Morse Non-Involved Professional" shall mean a director or professional employee of Heming Morse, Inc., who (1) has not been retained and who will not be retained for any purpose in this proceeding other than as provided in this Stipulation and Protective Order, (2) who agrees to comply with this Stipulation and Protective Order, and (3) who will be screened from any communications concerning this proceeding, other than as provided in this Stipulation and Protective Order.   The term "person" means any natural person, business organization, incorporated entity or association, or unincorporated entity.

**STIPULATED AND AGREED BY:**

Dated:  April 25, 2011                                    JONES HELSLEY PC

                                                              /s/  Timothy Jones
                                                              TIMOTHY JONES,
                                                              *Attorneys for the*
                                                              *Rocky Mountain Plaintiffs*

STIPULATION AND PROTECTIVE ORDER IN CASE NO.: 1:09-CV-02234-LJO-DLB

Dated:  April 25, 2011

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Supervising Deputy Attorney General

_/s/ Gavin G. McCabe_____
GAVIN G. MCCABE
Deputy Attorney General
*Attorneys for Defendants*
*James N. Goldstene et al.*

Dated:  April 25, 2011

NATURAL RESOURCES DEFENSE COUNCIL

_/s/ David Pettit_____
DAVID PETTIT
*Attorneys for Defendant-Intervenor*
*Natural Resources Defense Council, Inc..*

Dated:  April 25, 2011

SIERRA CLUB

_/s/ Pat Gallagher    _ _____
PAT GALLAGHER
*Attorneys for Defendant-Intervenor*
*Sierra Club*

Dated:  April 25, 2011

CONSERVATION LAW FOUNDATION

_/s/ Jane West_____
JANE WEST
*Attorneys for Defendant-Intervenor*
*Conservation Law Foundation*

Dated:  April 25, 2011

ENVIRONMENTAL DEFENSE FUND

_/s/ James Tripp_____
JAMES TRIPP
*Attorneys for Defendant-Intervenor*
*Environmental Defense Fund*

**IT IS SO ORDERED.**

DATED: 26 April, 2011

/s/ *Dennis L. Beck*

Dennis L. Beck
U.S. Magistrate Judge
Eastern District of California

{7011/005/00260904.DOC}                    8

_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER IN
CASE NO.: 1:09-CV-02234-LJO-DLB**


**EXHIBIT "A"**

{7011/005/00260904.DOC}

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, *et al*;<br><br>                 Plaintiffs,<br><br>    v.<br><br>JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board,<br><br>               Defendant.<br><br>and Related Consolidated Action | LEAD CASE NO.<br>  1:09-CV-02234-LJO-DLB<br><br>*Consolidated With* Case No.:<br>  1:10-CV-00163-LJO-DLB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**Confidentiality Agreement**

I hereby acknowledge that I have received and read a copy of the foregoing Stipulation and Protective Order in the above-captioned proceeding, and I understand it. I agree that I am bound by that Stipulation and Protective Order and that I shall not disclose or use information claimed to be CBI and/or the identity of any non-disclosed Qualified Reviewer (as defined in ¶ 4 of that Stipulation and Protective Order) except as allowed by that Stipulation and Protective Order. I acknowledge that it is my obligation to ensure that: (1) information claimed to be CBI is used only as provided in that Stipulation and Protective Order; and (2) information claimed to be CBI is not duplicated except as specifically permitted by that Stipulation and Protective Order, and I certify that I have verified that procedures are in place at my firm, office, or other place where I conduct business, as well as my residence, to prevent unauthorized disclosure of information claimed to be CBI.

I consent to the jurisdiction of the United States District Court in the Eastern District of California for purposes of determining my compliance with the Stipulation and Protective Order, and any civil or criminal sanction for my failure to comply. I understand that nothing in that Stipulation and Protective Order shall limit any other rights and remedies available, at law or in equity, to any person.

Executed at _____ this ___ day of _____, _____.

_____
Signature

_____
Printed Name/Position

_____
Company/Firm and Address and Tel. No.

{7011/005/00260904.DOC}