IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, REDWOOD COUNTY MINNESOTA CORN AND SOYBEAN GROWERS, PENNY NEWMAN GRAIN, INC., GROWTH ENERGY, RENEWABLE FUELS ASSOCIATION, REX NEDEREND, FRESNO COUNTY FARM BUREAU, NISEI FARMERS LEAGUE, and CALIFORNIA DAIRY CAMPAIGN,<br><br>          Plaintiffs,<br>     vs.<br><br>JAMES N. GOLDSTENE, Executive Officer of the California Air Resources Board,<br><br>          Defendants.<br><br>and related intervenor and consolidated actions and amici curiae.<br>_____/ | CASE NO. CV-F-09-2234 LJO DLB<br><br>**ORDER ON DEFENDANTS' MOTION TO STRIKE** (Doc. 212) and **EX PARTE MOTION APPLICATION FOR LEAVE TO TAKE DISCOVERY AND PROVIDE SUPPLEMENTAL BRIEFING** (Doc. 233) |

Defendants and defendant-intervenors ("defendants") move to strike four declarations filed by plaintiffs Growth Energy and Renewable Fuels Association ("Rocky Mountain plaintiffs") in reply to their preliminary injunction motion. (Doc. 212). Defendants argue that submitting new evidence for the first time in a reply brief is improper.[1] Moreover, defendants contend that because the briefing schedule does not allow for them to file a sur-reply, they will have no opportunity to dispute the alleged

---

[1] Defendants also object to the declarations on evidentiary grounds.

1

facts introduced by the Rocky Mountain plaintiffs in their reply brief and declarations. The Rocky Mountain plaintiffs respond that the declarations are proper, because this evidence was unavailable at the time that they filed the pending preliminary injunction motion. In addition, the Rocky Mountain plaintiffs contend that defendants fail to establish good cause to file a sur-reply brief.

While the motion to strike was pending, the Rocky Mountain plaintiffs filed a second declaration by Robert Whiteman. Defendants filed an ex parte application for leave for discovery and supplemental briefing to address Mr. Whiteman's declaration. In the alternative, defendants move to strike the second Whiteman declaration.

The Court finds good cause to allow the Rocky Mountain plaintiffs' declarations. At the time the preliminary injunction motion was filed, the low carbon fuel standard ("LCFS") was not yet in effect. In the midst of briefing, the LCFS went into effect. Thus, the alleged facts contained in the briefs were unavailable at the time the motion was filed. Accordingly, defendants' motion to strike the declarations filed with the Rocky Mountain plaintiffs' reply to their preliminary injunction motion is DENIED.

Because this Court shall consider this evidence, however, this Court finds good cause to GRANT defendants' request to file a sur-reply. In the interest of justice, defendants shall be allowed to address these newly-presented facts. Accordingly, **defendants shall file a sur-reply no later than June 7, 2011.**

Although this Court shall allow defendants to file a sur-reply, this Court DENIES defendants' attendant request to conduct discovery. The pending preliminary injunction and summary judgment motions were filed prior to discovery, a fact this Court shall consider in deciding these motions. Defendants do not need to conduct discovery to address the evidence presented.

This Court shall rule on the motions as submitted with the addition of defendants' sur-reply, as allowed by this order.

IT IS SO ORDERED.

**Dated:   May 23, 2011**                        /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE