1

2

3

4                    **IN THE UNITED STATES DISTRICT COURT**

5               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7    ROCKY MOUNTAIN FARMERS UNION,          CASE NO. CV-F-09-2234 LJO DLB
     REDWOOD COUNTY MINNESOTA CORN          *consolidated with*
8    AND SOYBEAN GROWERS, PENNY             CASE NO. CV-F-10-163 LJO DLB
     NEWMAN GRAIN, INC., GROWTH ENERGY,
9    RENEWABLE FUELS ASSOCIATION, REX
     NEDEREND, FRESNO COUNTY FARM           **ORDER ON MOTION TO STAY**
10   BUREAU, NISEI FARMERS LEAGUE, and      **PRELIMINARY INJUNCTION AND**
     CALIFORNIA DAIRY CAMPAIGN,             **JUDGMENTS PENDING APPEAL** (Doc. 274)

11
                              Plaintiffs,
12            vs.

13   JAMES N. GOLDSTENE, Executive Officer
     of the California Air Resources Board,
14
                              Defendants.
15   _____

16   and related intervenor and consolidated actions.
     _____/
17

18                              **BACKGROUND**

19        In these consolidated actions, Plaintiffs challenge California's Low Carbon Fuel Standard

20   ("LCFS").  Plaintiffs argued that the LCFS was unconstitutional both because it violated the dormant

21   Commerce Clause of the United States Constitutional and was preempted by Section 211(o) of the Clean

22   Air Act, in violation of the Supremacy Clause.  Defendants argued that the LCFS is an even-handed and

23   authorized fuel regulation that is permitted by the Clean Air Act and exempt from Commerce Clause

24   scrutiny.

25        On December 29, 2011, this Court issued three orders addressing the parties' summary judgment

26   and adjudication motions.  In the first, this Court, *inter alia*, rejected the defendants' arguments that

27   Section 211(c)(4)(B) of the Clean Air Act authorized the LCFS  to remove it from both preemption and

28   Commerce Clause scrutiny.  In the second order, this Court, *inter alia*, found that the LCFS violated the

                                          1

1    dormant Commerce Clause in its treatment of ethanol.  In addition, and based on this Court's conclusion

2    that the LCFS violated the dormant Commerce Clause, this Court granted an injunction requested by the

3    Rocky Mountain Plaintiffs, enjoining defendants from further enforcing the LCFS.  In the third order,

4    this Court, *inter alia*, found that the LCFS violates the dormant Commerce Clause in its treatment of

5    crude oils.  In the latter orders, the Court directed the clerk of court to enter judgment in favor of the

6    plaintiffs and against defendants on their Commerce Clause claims.  The Court further certified the

7    judgments for appeal, pursuant to Fed. R. Civ. P. 54(b).

8        On January 5, 2012, defendants filed a notice of appeal, appealing from this Court's grant of an

9    injunction and from the judgments entered.

10       Over two weeks after filing the appeal, on January 20, 2012, defendants moved to stay the

11   judgments entered against them and to suspend the preliminary injunction pending appeal.  Defendants

12   separately moved to shorten time to hear these motions on an expedited schedule.  Having considered

13   defendants' moving papers, and applicable jurisdictional authorities, this Court issues the following

14   order.

15                                             DISCUSSION

16       "Once a notice of appeal is filed, the district court is divested of jurisdiction over matters being

17   appealed." *Natural Res. Def. Counsel v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)

18   (citing *Griggs v. Provident Consumer Discount Co.*, 459 US 56, 58 (1982)).  This exclusive jurisdiction

19   rule is not absolute.  Pursuant to Fed. R. Civ. P. 62(c), this Court retains jurisdiction during the pendency

20   of an appeal to "suspend, modify, restore, or grant an injunction during the pendency of an appeal upon

21   such terms for bond or other terms that secure the opposing party's rights." *Id.*; *see also*, Fed. R. App.

22   P. 8(a)(1)(C).

23       The limited grant of jurisdiction pursuant to Fed. R. Civ. P. 62(c) "does not restore jurisdiction

24   to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers v. Central Valley

25   Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982).  This Court retains jurisdiction under

26   this rule only to preserve the status quo pending appeal.  *Natural Res. Def. Counsel*, 242 F.3d at 1166;

27   *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495

28   (9th Cir. 2010); *see also, Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880

                                                2

1   (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed

2   except to maintain the status quo among the parties."). Once the appeal has been filed, this Court has

3   no jurisdiction to act on the merits of the case or to alter the status of the appeal. *A&M Records Inc. v.*

4   *Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002).

5        Pursuant to this authority, this Court lacks jurisdiction to grant defendants' motion to stay the

6   injunction and judgments pending appeal. Defendants' motion to suspend the preliminary injunction

7   is based on defendants' arguments that they are likely to succeed on the merits of their claims on appeal

8   and that they–and not plaintiffs–will experience irreparable harm pending appeal if the preliminary

9   injunction is not stayed. Defendants' arguments are based on issues that this Court resolved in its orders,

10  and are the issues that are currently pending appeal. Thus, Defendants' motion improperly seeks to re-

11  litigate issues this Court resolved in its order granting the preliminary injunction and orders on the

12  summary judgment motions. As set forth above, however, this Court lacks jurisdiction to act on the

13  merits of the case or alter the status of the appeal. *A&M Records*, 284 F.3d at 1099.   Defendants'

14  motion, if granted, would alter the status of the appeal, as it would require this Court to reconsider and

15  reverse the core issues of the appeal. This Court lacks jurisdiction to grant this relief. *Id.*; *c.f.*, *Natural*

16  *Resources Def. Council*, 242 F.3d at 1099 (injunction modifications that "left unchanged" core questions

17  before appellate court were permissible).

18        Defendants cite Fed. R. Civ. P. 62 for their position that this Court may suspend the preliminary

19  injunction pending appeal; however, defendants ignore the narrow limitations of this rule. Fed. R. Civ.

20  P. 62(c) allows this Court to grant *only* such relief as may be necessary to preserve the status quo

21  pending the appeal. *Small*, 611 F.3d at 495. For example, this Court may renew an injunction that

22  expires during the pendency of an appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001)

23  (during pendency of appeal, district court properly issued "new" injunction to replace expired one). The

24  current status quo pending appeal is the preliminary injunction which enjoins defendants from enforcing

25  the LCFS. Defendants' motion does not seek to preserve the status quo. Rather, defendants seek to alter

26  the status quo by suspending the preliminary injunction to allow California to enforce the LCFS. This

27  request goes even farther than requesting the current status quo to roll back to the pre-injunction status

28  quo. At the time of the injunction, California enforced the LCFS under the 2011 regulations. Pursuant

3

to the LCFS, the regulated parties' required reductions *increased* significantly in 2012.  It appears that defendants are requesting an order that would not only change the status quo by allowing California to enforce the LCFS, but to allow enforcement that imposes higher restrictions than had been imposed previously.  Defendants cite no authority, and this Court finds none, to support the proposition that this Court has jurisdiction to grant this type of relief.  *See Small*, 611 F.3d at 495 (district court lacked jurisdiction to modify judgment that modified aspects of the case involved in the appeal and changed status quo).

Finally, defendants have failed to establish that this Court has jurisdiction to suspend or stay the preliminary injunction pursuant to letter of the rule.  Fed. R. Civ. P. 62(c) allows this Court to suspend an injunction during the pendency of an appeal "on terms for bond or other terms that secure the opposing party's rights."  Defendants propose no such terms that would secure the plaintiffs' rights. Because this Court found that the LCFS violate the dormant Commerce Clause, this Court cannot conceive of terms which would preserve plaintiffs' rights while allowing enforcement of an unconstitutional law.  Indeed, in this Court's opinion, an order to suspend the preliminary injunction and to allow continued enforcement of an unconstitutional law would itself violate–and not secure–the plaintiffs' rights.  Because there are no terms that would secure the plaintiffs' rights which allowing the preliminary injunction to be suspended, this Court must deny defendants' motion.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1.    GRANTS defendants' motion to hear the motions on an expedited but

2.    DENIES defendants' motion to stay enforcement of the preliminary injunction and judgments of this Court.

IT IS SO ORDERED.

Dated:   **January 23, 2012**          _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES DISTRICT JUDGE