# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, REDWOOD COUNTY MINNESOTA CORN AND SOYBEAN GROWERS, PENNY NEWMAN GRAIN, INC., GROWTH ENERGY, RENEWABLE FUELS ASSOCIATION, REX NEDEREND, FRESNO COUNTY FARM BUREAU, NISEI FARMERS LEAGUE, and CALIFORNIA DAIRY CAMPAIGN,<br><br>Plaintiffs,<br>vs.<br><br>JAMES N. GOLDSTENE, Executive Officer of the California Air Resources Board,<br><br>Defendants.<br><br>and related intervenor and consolidated actions. | CASE NO. CV-F-09-2234 LJO DLB<br>*consolidated with*<br>CASE NO. CV-F-10-163 LJO DLB<br><br>**AMENDED ORDER ON MOTION TO STAY PRELIMINARY INJUNCTION AND JUDGMENTS PENDING APPEAL** (Docs. 273 and 274) |

## BACKGROUND

In these consolidated actions, Plaintiffs challenge California's Low Carbon Fuel Standard ("LCFS"). Plaintiffs argued that the LCFS was unconstitutional both because it violated the dormant Commerce Clause of the United States Constitutional and was preempted by Section 211(o) of the Clean Air Act, in violation of the Supremacy Clause. Defendants argued that the LCFS is an even-handed and authorized fuel regulation that is permitted by the Clean Air Act and exempt from Commerce Clause scrutiny.

On December 29, 2011, this Court issued three orders addressing the parties' summary judgment and adjudication motions. In the first, this Court, *inter alia*, rejected the defendants' arguments that Section 211(c)(4)(B) of the Clean Air Act authorized the LCFS to remove it from both preemption and Commerce Clause scrutiny. In the second order, this Court, *inter alia*, found that the LCFS violated the

dormant Commerce Clause in its treatment of ethanol. In addition, and based on this Court's conclusion that the LCFS violated the dormant Commerce Clause, this Court granted an injunction requested by the Rocky Mountain Plaintiffs, enjoining defendants from further enforcing the LCFS. In the third order, this Court, *inter alia*, found that the LCFS violates the dormant Commerce Clause in its treatment of crude oils. In the latter orders, the Court directed the clerk of court to enter judgment in favor of the plaintiffs and against defendants on their Commerce Clause claims. The Court further certified the judgments for appeal, pursuant to Fed. R. Civ. P. 54(b).

On January 5, 2012, defendants filed a notice of appeal, appealing from this Court's grant of an injunction and from the judgments entered.

Over two weeks after filing the appeal, on January 20, 2012, defendants moved to stay the judgments entered against them and to suspend the preliminary injunction pending appeal. Defendants separately moved to shorten time to hear these motions on an expedited schedule. Having considered defendants' moving papers, and applicable jurisdictional authorities, this Court issues the following order.

## DISCUSSION

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters being appealed." *Natural Res. Def. Counsel v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 US 56, 58 (1982)). This exclusive jurisdiction rule is not absolute. Pursuant to Fed. R. Civ. P. 62(c), this Court retains jurisdiction during the pendency of an appeal to "suspend, modify, restore, or grant an injunction during the pendency of an appeal upon such terms for bond or other terms that secure the opposing party's rights." *Id*.; *see also*, Fed. R. App. P. 8(a)(1)(C).

The limited grant of jurisdiction pursuant to Fed. R. Civ. P. 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). This Court retains jurisdiction under this rule only to preserve the status quo pending appeal. *Natural Res. Def. Counsel*, 242 F.3d at 1166; *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010); *see also, Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880

(9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties."). Once the appeal has been filed, this Court has no jurisdiction to act on the merits of the case or to alter the status of the appeal. *A&M Records Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002).

Pursuant to this authority, this Court lacks jurisdiction to grant defendants' motion to stay the injunction and judgments pending appeal. Defendants' motion to suspend the preliminary injunction is based on defendants' arguments that they are likely to succeed on the merits of their claims on appeal and that they–and not plaintiffs–will experience irreparable harm pending appeal if the preliminary injunction is not stayed. Defendants' arguments are based on issues that this Court resolved in its orders, and are the issues that are currently pending appeal. Thus, Defendants' motion improperly seeks to re-litigate issues this Court resolved in its order granting the preliminary injunction and orders on the summary judgment motions. As set forth above, however, this Court lacks jurisdiction to act on the merits of the case or alter the status of the appeal. *A&M Records*, 284 F.3d at 1099. Defendants' motion, if granted, would alter the status of the appeal, as it would require this Court to reconsider and reverse the core issues of the appeal. This Court lacks jurisdiction to grant this relief. *Id.*; *c.f.*, *Natural Resources Def. Council*, 242 F.3d at 1099 (injunction modifications that "left unchanged" core questions before appellate court were permissible).

Defendants cite Fed. R. Civ. P. 62 for their position that this Court may suspend the preliminary injunction pending appeal; however, defendants ignore the narrow limitations of this rule. Fed. R. Civ. P. 62(c) allows this Court to grant *only* such relief as may be necessary to preserve the status quo pending the appeal. *Small*, 611 F.3d at 495. For example, this Court may renew an injunction that expires during the pendency of an appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (during pendency of appeal, district court properly issued "new" injunction to replace expired one). The current status quo pending appeal is the preliminary injunction which enjoins defendants from enforcing the LCFS. Defendants' motion does not seek to preserve the status quo. Rather, defendants seek to alter the status quo by suspending the preliminary injunction to allow California to enforce the LCFS. This request goes even farther than requesting the current status quo to roll back to the pre-injunction status quo. At the time of the injunction, California enforced the LCFS under the 2011 regulations. Pursuant

to the LCFS, the regulated parties' required reductions *increased* significantly in 2012. It appears that defendants are requesting an order that would not only change the status quo by allowing California to enforce the LCFS, but to allow enforcement that imposes higher restrictions than had been imposed previously. Defendants cite no authority, and this Court finds none, to support the proposition that this Court has jurisdiction to grant this type of relief. *See Small*, 611 F.3d at 495 (district court lacked jurisdiction to modify judgment that modified aspects of the case involved in the appeal and changed status quo).

Finally, defendants have failed to establish that this Court has jurisdiction to suspend or stay the preliminary injunction pursuant to letter of the rule. Fed. R. Civ. P. 62(c) allows this Court to suspend an injunction during the pendency of an appeal "on terms for bond or other terms that secure the opposing party's rights." Defendants propose no such terms that would secure the plaintiffs' rights. Because this Court found that the LCFS violates the dormant Commerce Clause, this Court cannot conceive of terms which would preserve plaintiffs' rights while allowing enforcement of an unconstitutional law. Indeed, in this Court's opinion, an order to suspend the preliminary injunction and to allow continued enforcement of an unconstitutional law would itself violate–and not secure–the plaintiffs' rights. Because there are no terms that would secure the plaintiffs' rights which allowing the preliminary injunction to be suspended, this Court must deny defendants' motion.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS defendants' motion to hear the motions on an expedited schedule (Doc. 273); but

2. DENIES defendants' motion to stay enforcement of the preliminary injunction and judgments of this Court (Doc. 274).

IT IS SO ORDERED.

**Dated:   January 23, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE