# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROCKY MOUNTAIN FARMERS UNION, et al.,**<br><br>    **Plaintiffs,**<br><br>            v.<br><br>**JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board,**<br><br>            **Defendant.** | **Lead Case: 1:09-cv-2234-LJO-BAM**<br><br>**Consolidated with member case:**<br>    **1:10-cv-163-LJO-BAM**<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |
| **NATIONAL PETROCHEMICAL & REFINERS ASSOC., et al.,**<br><br>    **Plaintiffs,**<br><br>            v.<br><br>**JAMES N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board, et al.,**<br><br>            **Defendants.** | |

        This case is on remand from the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit"). *Rocky Mountain Farmers Union v. Goldstene*, 730 F.3d 1070 (9th Cir. 2013), *reh'g denied*, *Rocky Mountain Farmers Union v. Corey*, 740 F.3d 507 (9th Cir. 2014) ("*RMFU*"). Currently pending before the Court is Plaintiffs' motion to amend their amended complaint. Doc. 313. The parties have submitted briefs on the matter (Docs. 314, 317, 318), but after a review of those briefs, the Court finds it necessary to request supplemental briefing from the parties on certain issues raised in the parties' briefs.

1

Plaintiffs brought challenges to California's Low Carbon Fuel Standard ("the LCFS"), Cal. Code Regs., tit. 17, §§ 95480-90, in this Court. *See generally* Doc. 11. Briefly summarized, the LCFS regulates fuel sold in California, including ethanol and crude oil. *See RMFU*, 730 F.3d at 1082-84. Plaintiffs asserted, among other things, that the LCFS's regulation of ethanol and crude oil violated the Commerce Clause of the U.S. Constitution on the grounds that those regulations (1) impermissibly regulated extraterritorially and (2) impermissibly discriminated against interstate commerce. *See id.* at 1086. With regard to its discrimination claim, Plaintiffs asserted that both the ethanol and crude oil provisions of the LCFS were (a) facially discriminatory; (b) discriminated in purpose and effect; and (c) placed an undue burden on interstate commerce. *See id.* at 1077-78, 1107. The parties filed cross-motions for summary judgment on Plaintiffs' Commerce Clause claims. *Id.* The Court issued three orders resolving those motions, which Defendants appealed. *See id.* at 1077-78.

On appeal, the Ninth Circuit addressed primarily Plaintiffs' Commerce Clause claims. *See id.* at 1077-78. The Ninth Circuit reversed in part and remanded the case. The Ninth Circuit's pertinent Commerce Clause holdings are as follows:

> The [LCFS's] ethanol provisions are not facially discriminatory, so we reverse that portion of the district court's decision and remand for entry of partial summary judgment in favor of [Defendants] We also reverse the district court's decision that the Fuel Standard is an impermissible extraterritorial regulation and we direct that an order of partial summary judgment be entered in favor of [Defendants] on those grounds. We remand the case for the district court to determine whether the ethanol provisions discriminate in purpose or effect . . . . We affirm the district court's conclusion that the [crude oil provisions] are not facially discriminatory, but we reverse its holding that the [crude oil provisions] are discriminatory in purpose and effect, and we direct the district court to enter an order of partial summary judgment in favor of [Defendants] on those issues.[1]

*Id.* at 1107.

Plaintiffs now seek to add claims that the LCFS is unconstitutional on grounds not directly related to the Commerce Clause. *See* Doc. 318 at 2; *see also* Doc. 217 at 18. "The proposed amendments . . . would add claims that the original LCFS (as well as the amended LCFS) violates 'principles of

---

[1] The Court will refer to these holdings collectively as "*RMFU*'s Commerce Clause holdings."

interstate federalism embodied in the Federal structure of the United States Constitution,' . . . and the 'Import-Export Clause' [of the U.S. Constitution]." Doc. 318 at 7 (quoting Doc. 314-1, Proposed Amended Complaint ("Prop. Compl."), at ¶ 93).[2] Plaintiffs assert that the original LCFS and its amendments violate these constitutional principles/provisions for two primary reasons. "First, the LCFS . . . directly regulated and continues to directly regulate interstate and foreign commerce and extraterritorial conduct, including the extraction, production and transport of transportation fuels and fuel feedstocks outside of California." Prop. Compl. at ¶ 5. Second, the LCFS

> discriminates both on its face, and as applied, against transportation fuels and fuel feedstocks imported from outside of California with the intended effect of (i) promoting in-State production of transportation fuels, and (ii) "keep[ing] consumer dollars local by reducing the need to make fuel purchases from beyond [California's] borders," all in violation of the Commerce Clause and the Import-Export Clause of the United States Constitution.

*Id.* at ¶ 6. Plaintiffs assert two claims for relief based on these allegations.

The first claim for relief is entitled "Impermissible Extraterritorial Regulation." *Id.* at 15. Plaintiffs assert, among other things, that the LCFS "regulat[es] interstate and foreign commerce that occurs wholly outside California," thereby violating "the Commerce Clause of the United States Constitution and principles of interstate federalism embodied in the Federal structure of the United States Constitution." *Id.* at ¶ 91 (emphasis added).

Plaintiffs' second claim for relief is entitled "Impermissible Discrimination Against Interstate and Foreign Commerce." *Id.* at 16. Plaintiffs allege, among other things, that the LCFS "discriminates against fuels and fuel feedstocks produced outside of California by burdening foreign and out-of-state fuels and fuel feedstocks while favoring fuels and fuel feedstocks produced in-state," as well as by financially penalizing providers who use these out-of-state fuels and fuel feedstocks." *Id.* at ¶¶ 97-98. Plaintiffs allege that the "discriminatory burden" that the LCFS imposes on out-of-state and foreign fuel providers violates "both the Commerce Clause and the Import-Export Clause." *Id.* at ¶ 99 (emphasis added); *see also id.* at ¶ 104 ("Defendants are liable to Plaintiffs . . . because the LCFS deprives

---

[2] The Court will refer to these claims as Plaintiffs' "federalism claim" and "Import-Export Clause claim," respectively.

1  Plaintiffs' . . . rights, privileges, and immunities secured by the Import-Export Clause and the Commerce

2  Clause").

3      Thus, it appears that both of Plaintiffs' claims for relief are premised, in part, on their assertion

4  that the LCFS violates the Commerce Clause. But their first claim for relief additionally asserts that the

5  LCFS violates "principles of federalism" whereas their second claim for relief additionally asserts that

6  the LCFS violates the Import-Export Clause.

7      Defendants argue, and Plaintiffs dispute, that these additional, non-Commerce Clause claims are

8  barred under the law of the case doctrine. *See* Doc. 317 at 17-18. The parties, however, insufficiently

9  briefed the law of the case issue. *See id.*; Doc. 318 at 6-7.

10     As to Plaintiffs' federalism claim, the nature of the claim is entirely unclear. As a result, the

11 Court cannot determine whether *RMFU*'s Commerce Clause holdings are dispositive of any element of

12 Plaintiffs' federalism claim under the law of the case doctrine. Does Plaintiffs' federalism claim parallel

13 its Commerce Clause claims? Are the elements of proof and theories coterminous or entirely distinct?

14 Given the Ninth Circuit's explicit holdings that the LCFS regulates "only the California market,"

15 *RMFU*, F.3d at 1102, and is not "an impermissible extraterritorial regulation," *id.* at 1107, how is

16 Plaintiffs' federalism claim—which challenges the alleged extraterritorial reach of the LCFS—not

17 barred under the law of the case? This Court cannot determine whether amendment would be futile

18 without more information.

19     As to Plaintiffs' proposed Import-Export Clause claim, the parties fail to articulate the elements

20 of an Import-Export Clause claim and do not provide any background or case law concerning the

21 Clause. The Import-Export Clause, U.S. Const., Art. I, § 10, cl. 2, reads in relevant part: "No State shall,

22 without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports." The proposed

23 amended complaint suggests that Plaintiffs' Import-Export Clause claim is premised on an allegation

24 that the LCFS impermissibly discriminates against and burdens interstate commerce.

25     Based on the Court's preliminary research, the Import-Export Clause applies only to state

26                                                        4

taxation of imports and exports. *See Dep't of Revenue of State of Wash. v. Assoc. of Wash. Stevedoring Cos.*, 435 U.S. 734, 751-52, 758 (1978); *see also Farmers' Rice Coop. v. Cnty of Yolo*, 14 Cal.3d 616, 620 (1975) ("The export-import clause imposes on all states an absolute prohibition against taxing exports without the consent of Congress."). "The founding fathers sought to limit state power to tax foreign commerce by the absolute proscription announced in [the Import-Export Clause]. *Western Oil & Gas Ass'n v. Cory*, 726 F.2d 1340, 1345 (9th Cir. 1984). "[T]he Supreme Court has focused the Import-Export [Clause] analysis on whether a challenged exaction offends the policy considerations that under the [Import-Export] Clause," which are:

> [T]he Federal Government must speak with one voice when regulating commercial relations with foreign governments, and tariffs, which might affect foreign relations, could not be implemented by the States consistently with that exclusive power; import revenues were to be the major source of revenue of the Federal Government and should not be diverted to the States; and harmony among the States might be disturbed unless seaboard States, with their crucial ports of entry, were prohibited from levying taxes on citizens of other States by taxing goods merely flowing through their ports to the other States not situated as favorably geographically.

*Id.* (quoting *Michelin Tire Corp. v. Wages*, 423 U.S. 276, 285-86 (1976)). Given these considerations, the analysis of an Import-Export Clause claim may be similar to the analysis of certain Commerce Clause challenges in some respects. *See Itel Containers Intern. Corp. v. Huddleston*, 507 U.S. 60, 77 (1993) (nothing that aspects of Import-Export Clause claim analysis "mirror inquiries we have already undertaken as part of our foreign commerce clause analysis").

Given this background, it appears that *RMFU*'s Commerce Clause holdings may be dispositive of certain aspects of Plaintiffs' Import-Export Clause claim. Although the parties briefed the issue, neither party did so sufficiently or convincingly. Because the Import-Export Clause appears to apply only to state taxes and *RMFU* did not address any challenged state tax, how do its Commerce Clause holdings apply to bar Plaintiffs' Import-Export Clause claim under the law of the case? To what extent, if at all, do *RMFU*'s Commerce Clause holdings apply in the absence of any challenged state tax? And to what extent, if at all, can this Court apply *RMFU*'s Commerce Clause holdings to Plaintiffs' Import-Export Clause claim given the seemingly similar—yet not identical—analysis employed in assessing

Import-Export Clause challenges?

Accordingly, Plaintiffs are directed to submit a supplemental brief on or before November 12, 2014, not to exceed ten pages in length, addressing:

1.  Whether and to what extent the elements of proof underlying Plaintiffs' federalism claim parallel their Commerce Clause claim and how the law of the case should be applied to the claim. Specifically, Plaintiffs shall address how their federalism claim is not barred by the law of the case doctrine considering the Ninth Circuit's holdings that the LCFS regulates "only the California market," *RMFU*, F.3d at 1102, and is not "an impermissible extraterritorial regulation." *Id.* at 1107.

2.  The elements of proof underlying Plaintiffs' Import-Export Clause claim and how the law of the case should be applied to the claim.

Defendants may submit a responsive brief, not to exceed ten pages in length, on or before November 21, 2014. Unless and until ordered otherwise, no replies are authorized.

IT IS SO ORDERED.

Dated:   **October 29, 2014**          ___**/s/ Lawrence J. O'Neill**___
                                        UNITED STATES DISTRICT JUDGE

6