UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FUELS & PETROCHEMICAL MANUFACTURERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD W. COREY, in his official capacity as Executive Officer of the California Air Resources Board, et al.,<br><br>Defendants. | Lead Case: 1:09-cv-2234-LJO-BAM<br><br>Consolidated with member case:<br>1:10-cv-163-LJO-BAM[1]<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

This case is on remand from the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit"). *Rocky Mountain Farmers Union v. Goldstene*, 730 F.3d 1070 (9th Cir. 2013), *reh'g denied*, *Rocky Mountain Farmers Union v. Corey*, 740 F.3d 507 (9th Cir. 2014) ("*RMFU*"), *cert denied*, 134 S.Ct. 2876 (2014), 134 S.Ct. 2884 (2014). Plaintiffs bring challenges to California's Low Carbon Fuel Standard's ("the LCFS"), 17 Cal. Code Regs. §§ 95480-90, original provisions ("the Original LCFS") and its 2012 amendments ("the Amended LCFS"). Doc. 324, First Amended Complaint ("FAC"), at 16-19.

Currently pending before the Court is Defendants' motion to dismiss. Doc. 326. The parties have submitted briefs on the matter (Docs. 327, 330, 331), but after a review of those briefs and the record, the Court finds it necessary to request supplemental briefing from both parties (but primarily from Plaintiffs) on certain issues raised in the parties' briefs. Specifically, the Court requires supplemental

---

[1] Unless otherwise indicated, all citations to the docket refer to the docket in *Rocky Mountain Farmers Union v. Goldstene*, 09–cv–2234–LJO–BAM.

1

briefing on Defendants' motion to dismiss Plaintiffs' "Third Claim" in the FAC as it pertains to the Amended LCFS's crude oil provisions on the ground it is barred by the Ninth Circuit's decision in *RMFU*. *See* Doc. 327 at 15-18; Doc. 330 at 19-21; Doc. 331 at 8-10.

The thrust of Defendants' argument is that the Ninth Circuit's holdings in *RMFU* concerning the Original LCFS's crude oil provisions preclude Plaintiffs' claims concerning the Amended LCFS's crude oil provisions under the law of the case and binding Ninth Circuit precedent (*i.e.*, *RMFU*). *See* Doc. 327 at 16. According to Defendants, the Ninth Circuit's holding that the Original LCFS's crude oil provisions are not impermissibly discriminatory necessarily means that the Amended LCFS's crude oil provisions also are not impermissibly discriminatory because there is no material difference between the original and amended provisions. *See id.* at 16-18. Plaintiffs, on the other hand, contend that *RMFU* does not bar their claims against the Amended LCFS's crude oil provisions because those provisions were not at issue in *RMFU* and, therefore, the Ninth Circuit did not address or resolve the issue of whether they are impermissibly discriminatory. *See* Doc. 330 at 20.

Simply put, the parties have not explained their respective positions clearly or persuasively. As a threshold matter, neither party has outlined sufficiently how the relevant provisions of the Amended LCFS operate. That is, neither party has adequately explained their view of how the relevant Amended LCFS crude oil provisions regulate crude oil within California for purposes of assessing Plaintiffs' challenge to those provisions. Nor has either party adequately explained why the Ninth Circuit's holdings in *RMFU* concerning the Original LCFS's crude oil provisions do or do not preclude Plaintiffs' claims against the Amended LCFS's crude oil provisions.

Although Plaintiffs correctly note that the Amended LCFS's crude oil provisions were not at issue in *RMFU*, and therefore the Ninth Circuit did not *directly* address those provisions, "[f]or the doctrine [of the law of the case] to apply, the issue in question must have been decided explicitly or by *necessary implication* in the previous disposition." Nos. 09-cv-2234-LJO-BAM, 10-cv-163-LJO-BAM, *Rocky Mountain Farmers Union v. Goldstene*, 2014 WL 7004725, at *10 (E.D. Cal. Dec. 11, 2014)

2

("*RMFU Amendment*") (emphasis in original) (citations omitted). Plaintiffs do not mention, much less discuss, why *RMFU* does not bar their challenges to those provisions by necessary implication under the law of the case. *See* Doc. 20-21. Further, Plaintiffs provide no meaningful explanation of how the Amended LCFS's crude oil provisions differ such that *RMFU*'s holdings concerning the Original LCFS's crude oil provisions should not preclude their claims against the Amended LCFS's crude oil provisions. Likewise, although Defendants point out that the Amended LCFS's crude oil provisions assign "an average carbon intensity value for crudes consumed in California" similar to that of the Original LCFS's crude oil provisions, Defendants do not adequately explain how the Amended LCFS's crude oil provisions are effectively the same as those of the Original LCFS such that *RMFU*'s holdings concerning the latter preclude Plaintiffs' pending challenges to the former. Put more bluntly, the parties' briefs do not adequately address whether *RMFU* bars Plaintiffs' challenge to the Amended LCFS's crude oil provisions under the law of the case.[2]

Accordingly, the Court requires more information from the parties concerning their respective positions. Plaintiffs are directed to file a brief, not to exceed ten pages, on or before April 3, 2015, that provides an explanation of:

(1) How the relevant portions of the Amended LCFS's crude oil provisions operate to regulate crude oil in California;

(2) How and why the Amended LCFS's crude oil provisions are alleged to be impermissibly discriminatory in a manner that is distinct from the Original LCFS's crude oil provisions such that the Ninth Circuit's holdings in *RMFU* concerning the latter should not have preclusive effect on Plaintiffs' claims concerning the former; and

(3) Whether the currently operative complaint sufficiently articulates any such distinction.

---

[2] Defendants also argue that *RMFU*'s holdings operate as binding Ninth Circuit precedent. *See* Doc. 327 at 13, 17. Because this case is now on remand after *RMFU*, the extent to which *RMFU*'s holdings are binding here is properly analyzed under the law of the case doctrine. But, regardless of whether assessed under the law of the case or as binding precedent, the Court requires more input from the parties regarding the extent to which *RMFU* precludes Plaintiffs' pending claims against the Amended LCFS's crude oil provisions.

Defendants are directed to file a brief, not to exceed ten pages, on or before April 15, 2015, that responds to Plaintiffs' brief and, among other things, provides an explanation of:

    (1) How the relevant portions of the Amended LCFS's crude oil provisions operate to regulate crude oil in California; and

    (2) How and why the Amended LCFS's crude oil provisions are not distinct from the Original LCFS's crude oil provisions such that the Ninth Circuit's holdings in *RMFU* concerning the latter should have preclusive effect on Plaintiffs' claims concerning the former.

In other words, the parties' briefs should outline their understanding of how the Amended LCFS's crude oil provisions function, whether and why they are impermissibly discriminatory, and whether and why *RMFU* has precluded Plaintiffs' pending claims against them.[3]

**SO ORDERED**
**Dated: March 24, 2015**

                                                                **/s/ Lawrence J. O'Neill**
                                                                **United States District Judge**

---

[3] The Court recognizes that, at the motion to dismiss stage, the Court must assume the truth of the FAC's allegations. *See Lazy Y. Ranch, Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). But, even assuming the truth of the FAC's allegations, the Court needs more information concerning the issues of law implicated by the FAC and Defendants' motion to dismiss.