UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FUELS & PETROCHEMICAL MANUFACTURERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD W. COREY, in his official capacity as Executive Officer of the California Air Resources Board, et al.,<br><br>Defendants. | Lead Case: 1:09-cv-2234-LJO-BAM<br><br>Consolidated with member case:<br>1:10-cv-163-LJO-BAM[1]<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

This case is on remand from the United States Court of Appeals for the Ninth Circuit. *Rocky Mountain Farmers Union v. Goldstene*, 730 F.3d 1070 (9th Cir. 2013), *reh'g denied*, *Rocky Mountain Farmers Union v. Corey*, 740 F.3d 507 (9th Cir. 2014) ("*RMFU*"), *cert denied*, 134 S.Ct. 2876 (2014), 134 S.Ct. 2884 (2014). Plaintiffs bring challenges to California's Low Carbon Fuel Standard's ("the LCFS"), 17 Cal. Code Regs. §§ 95480-90, original provisions ("the Original LCFS") and its 2012 amendments ("the Amended LCFS"). Doc. 324, First Amended Complaint ("FAC"), at 16-19.

Currently pending before the Court is Defendants' motion to dismiss. Doc. 326. The parties submitted initial briefs on the matter (Docs. 327, 330, 331), and also submitted supplemental briefs pursuant to the Court's order for supplemental briefing. Docs. 333, 334. The Court's order for supplemental briefs requested, among other things, that the parties explain how the relevant portions of the Amended LCFS's crude oil provisions operate. *See* Doc. 332 at 3-4. The parties attempted to comply

---

[1] Unless otherwise indicated, all citations to the docket refer to the docket in *Rocky Mountain Farmers Union v. Goldstene*, 09–cv–2234–LJO–BAM.

1

with that request in their supplemental briefs, but the Court again requires more information from the parties.

To summarize, Defendants assert in their supplemental brief that the Amended LCFS's crude oil provisions provide a two-step process for how regulated parties and crude oils are assessed deficits and credits. Defendants stated the crude oil provisions of the Amended LCFS operate as follows:

> First, the regulated party (e.g., the refiner/blender) accrues deficits for [their] CARBOB or conventional diesel sold for use in California based on the average carbon intensity of California's CARBOB and conventional diesel pools, respectively, from 2010. [§ 95486(b)(2)(A).] Second, after the close of a given year, [CARB] calculates the average carbon intensity of the crude oil supplied to California refineries in that year (or a range of three consecutive years). *Id.* To do that, [CARB] uses individualized carbon intensity values for each crude oil, weighted by volume. *Id.* § 95486(b)(2)(A)3.a. If the average carbon intensity of California's crude oil supply has increased from the baseline year of 2010, then regulated parties receive an additional, incremental deficit that corresponds to that increase and to each party's relative share of the relevant fuel pool. *Id.* § 95486(b)(2)(A)2.a.

Doc. 334 at 4.

The Court has reviewed the LCFS thoroughly and agrees with Defendants that there are two steps to the deficit/credit assignment process. The regulatory language clearly references the first step as the assignment of "base deficit[s]," while describing the second step as involving the possible assignment of "incremental deficit[s]." 17 Cal. Code Regs. § 95486(b)(2)(A). Plaintiffs' complaint makes no mention of "base deficits" and appears to focus solely on "incremental deficits." *See* FAC at ¶¶ 79-81. Therefore, the Court is inclined to assume that Plaintiffs' discrimination allegations regarding the Amended LCFS crude oil provisions are directed only at the second step (concerning incremental deficits) not the first step (concerning the imposition of base deficits).

In order to confirm this, Plaintiffs are directed to file a supplemental brief, not to exceed 10 pages in length, on or before May 11, 2015, declaring whether or not they challenge the first step of the Amended LCFS's crude oil provisions. If they do intend to challenge the first step, Plaintiffs are directed to explain further, in detail, how the first step operates; which allegations in the FAC demonstrate that Plaintiffs challenge the first step; and how the first step impermissibly discriminates in favor of crude

2

oils from California.

If and only if Plaintiffs declare their intention to challenge the first step, Defendants may file a responsive supplemental brief, not to exceed 10 pages in length, on or before May 21, 2015, responding to Plaintiffs' supplemental brief.

Unless and until ordered otherwise, no replies are authorized.

**IT IS SO ORDERED**
**Dated: May 1, 2015**

                                                        /s/ **Lawrence J. O'Neill**
                                                        **United States District Judge**