1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8 **ROCKY MOUNTAIN FARMERS UNION, et al.,**

9 **Plaintiffs,**

10 **v.**

11 **RICHARD W. COREY, et al.,**

12 **Defendants.**

13

**LEAD CASE: 1:09-cv-2234-LJO-BAM**

**CONSOLIDATED WITH MEMBER CASE: 1:10-cv-163-LJO-BAM**

**ORDER FOR SUPPLEMENTAL BRIEFING**

14

15     Currently before the Court are Plaintiffs'[1] motions to amend their respective complaints under

16 Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"). Docs. 355, 358. Plaintiffs seek to amend their

17 complaints in order to challenge the November 2015 amendments to California's Low Carbon Fuel

18 Standard ("the 2015 LCFS"), 17 Cal. Code Regs. §§ 95480 et seq. *See* Doc. 356 at 2; Doc. 358-1 at 3.

19 Among other things, the RMFU Plaintiffs seek to add "as-applied" constitutional challenges to the 2015

20 LCFS.

21     Defendants[2] largely do not oppose the motions. They do, however, oppose the RMFU Plaintiffs'

22

23 [1] There are two groups of Plaintiffs in this consolidated action. The first group, the "RMFU Plaintiffs," is composed of Rocky Mountain Farmers Union, Redwood County Minnesota Corn and Soybean Growers, Penny Newman Grain, Inc., Fresno County Farm Bureau, Nisei Farmers League, California Dairy Campaign, Rex Nederend, and Growth Energy. The second group, the "AFPM Plaintiffs," is composed of American Fuels & Petrochemical Manufacturers Association fka National Petroleum & Refiners Association, American Trucking Associations, and The Consumer Energy Alliance.

25 [2] Defendants are various official capacity defendants.

1

1   request to add their as-applied constitutional claims. Briefly summarized, Defendants contend the

2   Court's prior rulings and the RMFU Plaintiffs' prior statements preclude the claims.

3        Though Defendants do not frame any of their arguments in terms of futility, their argument that

4   the Court's prior rulings and the RMFU Plaintiffs' prior statements now preclude their proposed as-

5   applied challenges is best construed as an argument that permitting those challenges would be an

6   exercise in futility. And though Defendants do not provide any theory or authority for their argument,

7   the Court construes the argument to be based on the law of the case doctrine.

8        The law of the case doctrine generally precludes a court from "reconsidering an issue that

9   already has been decided by the same court, or a higher court in the identical case." *United States v.*

10  *Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). "The United States Supreme Court and the Ninth Circuit

11  alike have recognized that an action brought following a reversal and remand for further proceedings in

12  the same litigation is the same case for purposes of application of the law of the case doctrine." *Ischay v.*

13  *Barnhart*, 383 F. Supp. 2d 1199, 1218 (C.D. Cal. 2005) (citing *Hartford Life Ins. Co. v. Blincoe*, 255

14  U.S. 129, 136 (1921); *Hansen & Rowland v. C.F. Lytle Co.*, 167 F.2d 998, 998-99 (9th Cir. 1948)). "For

15  the doctrine to apply, the issue in question must have been decided explicitly or by *necessary*

16  *implication* in the previous disposition." *United States v. Lumni Nation*, 763 F.3d 1180, 1185 (9th Cir.

17  2014) (emphasis in original) (quoting *United States v. Lumni Indian Tribe*, 235 F.3d 443, 452 (9th Cir.

18  2000)). "'An argument is rejected by necessary implication when the holding stated or result reached is

19  inconsistent with the argument.'" *United States v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012) (quoting

20  *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005)).

21       The Court addressed whether the parties had standing to pursue preemption claims against the

22  Original LCFS in *Rocky Mountain Farmers Union v. Goldstene*, 843 F. Supp. 2d 1071, 1098 (E.D. Cal.

23  2011) ("*RMFU Ethanol*"). The Court found that only one of the RMFU Plaintiffs, Growth Energy, had

24  associational standing on behalf of its members to pursue its preemption claim. *Id.* This was due, in part,

25  to the Court's explicit finding that Growth Energy had proffered evidence that at least some of its

members had been injured by the Original LCFS:

> For example, the declaration of Stuart H. Harden ("Mr. Harden"), filed on November 1, 2010, in support of the Rocky Mountain plaintiffs' preliminary injunction motion, concludes that "real and present harm to corn ethanol producers in the Midwest as a result of the LCFS regulations can be demonstrated by the effects on fair value of each of the plants noted herein." Mr. Harden based his conclusion on confidential business information—filed under seal—from 25 members of Growth Energy. Similarly, the second declaration of Robert Whiteman, filed under seal on May 12, 2011, identifies specific plants and the alleged injuries suffered thereto based on the first quarter of the LCFS.

*Id.* at 1100. These and other declarations thus led the Court to conclude that Growth Energy had suffered an actual injury sufficient to provide it with standing to pursue its preemption claim. *Id.* at 1101.

With regard to the remaining RMFU Plaintiffs, the so-called "Farmer Plaintiffs," the Court reached an opposite conclusion. Prior to ruling on the parties' cross-motions for summary judgment, the parties conducted limited discovery on the issue of whether the RMFU Plaintiffs had standing. *Id.* at 1098. "Through their interrogatories, Defendants asked the Farmer Plaintiffs whether the LCFS has caused or will cause economic injuries to them or their members." *Id.* at 1098. But, "[t]he limited discovery conducted . . . produced limited results." *Id.* at 1097. In fact, the Farmer Plaintiffs produced <u>no</u> evidence that the Original LCFS caused them any injury and effectively conceded the point. *Id.* The Court therefore found that they did not have standing to assert their preemption claim. *Id.* at 1098.

Because the RMFU Plaintiffs' proposed as-applied claims necessarily require evidence of actual injury[3], the issue, then, is whether the Court's finding in *RMFU Ethanol* that the Farmer Plaintiffs failed to provide any such evidence precludes them from asserting their proposed as-applied claims against the 2015 LCFS. Generally, that finding would have preclusive effect here under the law of the case doctrine. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the doctrine of the law of the case absent one of the [exceptions] constitutes an abuse of discretion."). However, the doctrine does not apply when there has been a change in the intervening controlling authority that makes

---

[3] Both claims require a showing of actual injury to establish the RMFU Plaintiffs' standing, *see RMFU Ethanol*, 843 F. Supp. 2d at 1095. Further, to the extent their as-applied Commerce Clause claim asserts the 2015 LCFS has discriminatory effects, the RMFU Plaintiffs will be required to provide evidence of those effects to succeed on the claim. *See* MTD Order, 2015 WL 5096279, at *31.

1   reconsideration appropriate. *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). This

2   "intervening controlling authority" exception "includes changes in statutory as well as case law."

3   *Jeffries v. Wood*, 114 F.3d 1484, 1489 n.1 (9th Cir. 1997) (en banc), *overruled on other grounds by*

4   *Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (en banc). The change in the law, however, must be

5   material. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009); *Marable v. Nitchman*, 511 F.3d

6   924, 930 n.11 (9th Cir. 2007).

7          Accordingly, whether the Farmer Plaintiffs should be permitted to assert their as-applied claims

8   against the 2015 LCFS turns on whether that statute constitutes a material change in the law, that is,

9   whether the 2015 LCFS is materially different from the Original LCFS. If the 2015 LCFS is materially

10  indistinguishable from the Original LCFS, the Farmer Plaintiffs cannot establish actual injury and

11  therefore cannot assert their contested as-applied claims, which necessarily require a showing of actual

12  injury-in-fact. *See Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 608 F.3d 1084, 1096 (9th Cir. 2010);

13  *RMFU Ethanol*, 843 F. Supp. 2d at 1098 (citing *Warth v. Seldin*, 422 U.S. 490, 505 (1975)).[4] The

14  RMFU Plaintiffs argue that the 2015 LCFS "is substantially different from the [Original LCFS] in

15  form," though they provide no meaningful explanation in support. *Id.* at 9. Defendants provide no

16  argument as to whether the 2015 LCFS is materially different from the Original LCFS.

17         The Court therefore requires more information and input from the parties. The parties are

18  directed to submit briefs, not to exceed ten pages, providing explained answers to the following:

19         1.   Is the 2015 LCFS materially different from the Original LCFS?

20         2.   Do the Court's prior findings in *RMFU Ethanol* concerning the RMFU Plaintiffs' standing

21              apply here?

22         3.   Does the law of the case (or any other doctrine) bar the RMFU Plaintiffs' as-applied claims?

23  The RMFU Plaintiffs shall file their supplemental brief on or before May 20, 2016. Defendants shall file

24  _____

25  [4] This also raises the question of whether the Farmer Plaintiffs would have standing to pursue any claim against the 2015
    LCFS; however, Defendants explicitly state that they do not challenge the RMFU Plaintiffs' standing at this stage. *See* Doc.
    360 at 6 n.8 ("To be clear, Defendants are not challenging Plaintiffs' standing.").

their supplemental brief on or before May 27, 2016.



IT IS SO ORDERED.

    Dated:   __May 13, 2016__                    _____/s/ Lawrence J. O'Neill_____
                                                    UNITED STATES CHIEF DISTRICT JUDGE