UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN FARMERS UNION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD W. COREY, et al., <br><br> Defendants. | LEAD CASE: 1:09-CV-2234-LJO-BAM <br><br> CONSOLIDATED WITH MEMBER CASE: 1:10-CV-163-LJO-BAM <br><br> MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTIONS TO AMEND (Docs. 355, 358) |

## I.  INTRODUCTION

Currently before the Court are Plaintiffs'[1] motions to amend their respective complaints under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") in order to challenge the November 2015 amendments to California's Low Carbon Fuel Standard ("LCFS"), 17 Cal. Code Regs. §§ 95480 et seq, which took effect on January 1, 2016. *See* Doc. 356 at 2; Doc. 358-1 at 3. Defendants[2] largely do not oppose the motions.

The Court vacated the hearing on the motions and took the matter under submission pursuant to Local Rule 230(g). *See* Doc. 364. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motions.

---

[1] There are two groups of Plaintiffs in this consolidated action. The first group, the "RMFU Plaintiffs," is composed of Rocky Mountain Farmers Union, Redwood County Minnesota Corn and Soybean Growers, Penny Newman Grain, Inc., Fresno County Farm Bureau, Nisei Farmers League, California Dairy Campaign, Rex Nederend, Growth Energy, and Renewable Fuels Association ("RFA"). RFA, however, requests that the Court dismiss it from this case. *See* Doc. 358-1 at 11 n.1. The Court GRANTS its request and DISMISSES it from this case. The second group, the "AFPM Plaintiffs," is composed of American Fuels & Petrochemical Manufacturers Association fka National Petroleum & Refiners Association, American Trucking Associations, and The Consumer Energy Alliance.

[2] Defendants are various official capacity defendants.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Plaintiffs' years-long and complex challenge to the LCFS. After the Ninth Circuit remanded the case to this Court in 2014, *see Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070 (9th Cir. 2013) ("*RMFU*"), *cert denied*, 134 S.Ct. 2875 (2014), the Court granted in part and denied in part the AFPM Plaintiffs' motion to amend the complaint. *Rocky Mountain Farmers Union v. Goldstene*, No. 1:09-cv-2234-LJO-BAM, 2014 WL 7004725, at *1 (E.D. Cal. Dec.11, 2014) ("*RMFU Amendment*"). In August 2015, the Court granted in part and denied in part Defendants' motion to dismiss certain of the AFPM Plaintiffs' claims. *See Am. Fuels & Petrochemicals Mfrs. Ass'n v. Corey*, No. 1:09-cv-2234-LJO-BAM, 2015 WL 5096279, at *1 (E.D. Cal. Aug. 28, 2015) ("MTD Order"). The Court incorporates by reference the summary of the extensive procedural history of this consolidated action contained in *RMFU Amendment*, 2014 WL 7004725, at *1-8, and the MTD Order, 2015 WL 5096279, at *1-5. Only a brief recitation of the factual and procedural background necessary to resolve Plaintiffs' motions to amend follows.

The RMFU Plaintiffs filed this consolidated action in December 2009 (Doc. 1), a first amended complaint on January 11, 2010 (Doc. 7), and a second amended complaint ("SAC")—currently their operative complaint—on January 28, 2010 (Doc. 11). The AFPM Plaintiffs filed their complaint on February 2, 2010. *See* 1:10-cv-163-LJO-BAM, Doc. 1. The Court then consolidated the cases. *See* 1:10-cv-163-LJO-BAM, Doc. 99. In December 2014, the AFPM Plaintiffs filed a first amended complaint ("FAC"), which is currently their operative complaint. *RMFU Amendment*, 2014 WL 7004725, at *1.

Plaintiffs' complaints challenged the LCFS as originally promulgated in October 2007, and as amended in 2012 (collectively, "the Original LCFS"). Plaintiffs now seek leave to file further amended complaints in order to add challenges to the currently operative version of the LCFS ("the 2015 LCFS"), which was amended in November 2015 in response to the California Court of Appeal's decision in *POET LLC v. California Air Resources Board*, 218 Cal. App. 4th 681 (2013). *See* California Air

Resources Board ("CARB"), Staff Report: Initial Statement of Reasons for Proposed Rulemaking: Proposed Re-Adoption of the Low Carbon Fuel Standard (Jan. 2015) ("2015 ISOR"), at I-5, *available at* http://www.arb.ca.gov/regact/2015/lcfs2015/ lcfs15isor.pdf. On January 1, 2016, the Original LCFS was repealed and replaced by the 2015 LCFS, which went into effect on the same day. *See* Doc. 361, Exs. D-E.

Plaintiffs now move to amend their respective complaints to challenge the constitutionality of the 2015 LCFS. Docs. 355, 358, 358-2, Proposed Third Amended Complaint ("PTAC"), at 18, 21. Defendants explicitly state that they do not oppose any aspect of the AFPM Plaintiffs' motion. *See* Doc. 359 at 3; Doc. 363 at 2. Defendants also do not oppose the RMFU Plaintiffs' motion to the extent they seek to add facial constitutional challenges to the 2015 LCFS.[3] *See* Doc. 360. Defendants do, however, oppose the RMFU Plaintiffs' motion to the extent it seeks to add two "as-applied" constitutional challenges to the 2015 LCFS.[4] *See id.* at 5, 8.

### III.   STANDARD OF DECISION

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." This Rule is "to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). All inferences are drawn "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

To determine whether to grant leave to amend, the Court considers five factors: "(1) bad faith;

---

[3] In a facial challenge to legislation, "the challenger must establish that no set of circumstances exists under which the [challenged legislation] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

[4] An as-applied constitutional challenge contends that legislation is unconstitutional as it has been applied to the challenger. *See Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 608 F.3d 1084, 1096 (9th Cir. 2010). In as-applied challenges, "only some of the statute's subrules (or fact-specific applications) are . . . challenged." *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011).

3

(2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citations omitted). "Futility alone can justify the denial of a motion for leave to amend," *id.*, and prejudice to the opposing party "carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Delay alone, however, will not justify denying leave to amend. *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Absent prejudice, or a strong showing of the remaining four factors considered, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

### IV. DISCUSSION

**A. Unopposed aspects of Plaintiffs' motions.**

Rule 15(a)(2) permits a plaintiff to amend its complaint "with the opposing party's written consent or the court's leave." Given that Defendants explicitly stated in writing that they do not oppose the AFPM Plaintiffs' motion to amend, *see* Doc. 359 at 3, the Court GRANTS the motion. Similarly, Defendants do not oppose the RMFU Plaintiffs' motion to amend to the extent they seek to add facial challenges against the 2015 LCFS. The Court therefore GRANTS the RMFU Plaintiffs' unopposed motion to amend in order to add their facial claims against the 2015 LCFS.

**B. Plaintiffs'[5] as-applied claims.**

The only issue the parties dispute is whether Plaintiffs should be granted leave to add their as-applied challenges to the 2015 LCFS. Defendants oppose, arguing, among other things, that the Court's prior holdings in *RMFU Ethanol* on Plaintiffs' standing bars the claims under the law of the case doctrine. *See id.* at 10-11. Plaintiffs contend the law of the case does not apply to Plaintiffs' claims against the 2015 LCFS because it is new legislation, which renders the Court's prior findings and holdings about the Original LCFS inapplicable. *See* Doc. 366 at 3-4.

---

[5] All further references to "Plaintiffs" are to the RMFU Plaintiffs only.

4

### 1. Legal standard.

The law of the case doctrine generally precludes a court from "reconsidering an issue that already has been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). "For the doctrine to apply, the issue in question must have been decided explicitly or by *necessary implication* in the previous disposition." *United States v. Lumni Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (emphasis in original) (citation omitted). "'An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument.'" *United States v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012) (quoting *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005)).

### 2. Analysis

Defendants argue, and Plaintiffs dispute, that the Court's prior holdings concerning the parties' standing when challenging the Original LCFS precludes Plaintiffs' as-applied claims against the 2015 LCFS under the law of the case doctrine. In their initial brief,[6] Defendants contend Plaintiffs cannot establish these claims because they "have already indicated that they do not have, and cannot have, evidentiary support for such claims." Doc. 360 at 5 (emphasis omitted). Noting that the Court previously found all the RMFU Plaintiffs except Growth Energy failed to establish that they suffered any injury from the Original LCFS for the purposes of establishing standing, Defendants argue that Plaintiffs necessarily cannot succeed on an as-applied challenge—whether on preemption or Commerce Clause grounds—in the absence of any injury from the LCFS. *Id.* Defendants also point out that, prior to the Court's earlier findings regarding injury/standing, Growth Energy represented to the Court that, as an ethanol trade association, it does not and cannot obtain information concerning its members' specific injuries allegedly caused by the LCFS. *Id.* at 6; Doc. 367 at 10. Specifically, Defendants point to the

---

[6] After the parties submitted their briefs on Plaintiffs' motions to amend, the Court requested supplemental briefing from Defendants and the RMFU Plaintiffs limited to the issue of whether the RMFU Plaintiffs should be permitted to pursue the as-applied claims in the PTAC. *See* Doc. 365.

5

following from Growth Energy's January 2011 response to Defendants' interrogatories:

> Under federal and state law, Growth Energy does not seek nor can it obtain confidential business or financial information belonging to its members or other private companies in the ethanol industry or any other private business enterprise, and such information is not available to Growth Energy.

Doc. 360 at 6 (quoting Doc. 160-3 at 3).

As Defendants point out, the Court in *RMFU Ethanol* found that Plaintiff Growth Energy had associational standing on behalf of its members to pursue its preemption claim against the Original LCFS. *See* 843 F. Supp. 2d at 1098.[7] This was due, in part, to the Court's factual finding that Growth Energy had proffered evidence that at least some of its members had actually been injured by the Original LCFS:

> For example, the declaration of Stuart H. Harden ("Mr. Harden"), filed on November 1, 2010, in support of the Rocky Mountain plaintiffs' preliminary injunction motion, concludes that "real and present harm to corn ethanol producers in the Midwest as a result of the LCFS regulations can be demonstrated by the effects on fair value of each of the plants noted herein." Mr. Harden based his conclusion on confidential business information—filed under seal—from 25 members of Growth Energy. Similarly, the second declaration of Robert Whiteman, filed under seal on May 12, 2011, identifies specific plants and the alleged injuries suffered thereto based on the first quarter of the LCFS.

*Id.* at 1100. These and other declarations Plaintiffs submitted led the Court to conclude that Growth Energy had established the Original LCFS had caused it to suffer injuries, which provided it with standing to assert its preemption challenge to the Original LCFS. *Id.* at 1101. These findings directly contradict Defendants' arguments that Growth Energy would now be unable to produce information concerning its members' injuries in support of its as-applied claims and that the findings involved a "pure question of law" with no bearing on Plaintiffs' proposed as-applied claims.[8] Doc. 367 at 8. There

---

[7] The Ninth Circuit did not address the Court's standing findings in *RMFU*.

[8] Defendants' arguments concerning Growth Energy are internally inconsistent. Defendants acknowledge the Court's findings, made in December 2011, that Growth Energy had standing because it had produced evidence of actual injury, *see* Doc. 360 at 5. Yet, Defendants go on to argue that Growth Energy's January 2011 interrogatory response establishes that Growth Energy cannot prove that the LCFS caused it to suffer any injury. Although the Court cannot discern why Growth Energy stated in its interrogatory response that it did not have evidence concerning its members' injuries, particularly given that Mr. Harden submitted his declaration in November 2010, *see* Doc. 124, that statement does not affect the Court's finding that Growth Energy had suffered actual injury sufficient to establish its standing.

6

is no reason to conclude that Growth Energy does not have standing to assert those claims or that it should now be precluded from doing so under the law of the case. The Court therefore GRANTS Growth Energy leave to amend to add its proposed as-applied claims.

With regard to the remaining Plaintiffs, the so-called "Farmer Plaintiffs," the issue is less clear. The thrust of their position is that the 2015 LCFS is a new law and, accordingly, they "would be entitled to file a new lawsuit altogether, raising whatever claims they want,"[9] but they have elected to proceed via amendment for the sake of efficiency. Doc. 362 at 6; Doc. 366 at 2.

In *RMFU Ethanol*, the Court addressed Defendants' assertion that discovery had revealed the Farmer Plaintiffs lacked standing to pursue their preemption claim because they were unable to produce any evidence that the Original LCFS had injured them. 843 F. Supp. 2d at 1095. Prior to ruling on the parties' cross-motions for summary judgment, the parties conducted limited discovery on the issue of whether the RMFU Plaintiffs had standing. *Id.* at 1098. "Through their interrogatories, Defendants asked the Farmer Plaintiffs whether the LCFS has caused or will cause economic injuries to them or their members." *Id.* But, "[t]he limited discovery conducted . . . produced limited results." *Id.* at 1097. In fact, the Farmer Plaintiffs produced no evidence that the Original LCFS caused them any injury and effectively conceded the point. *Id.* (in response to Defendants' standing challenge, the Farmer Plaintiffs "appear to concede this point" in their reply). The Court therefore found that they did not have standing to assert their preemption claim. *Id.* at 1098.

Because Plaintiffs' proposed as-applied claims require evidence of actual injury,[10] the issue, then, is whether the Court's finding in *RMFU Ethanol* that the Farmer Plaintiffs failed to provide any

---

[9] The Court is not ruling on Plaintiffs' ability to file another, separate lawsuit challenging the 2015 LCFS or whether the law of the case established in this litigation would have preclusive effect in other cases.

[10] Both claims require a showing of actual injury to establish Plaintiffs' standing. *See RMFU Ethanol*, 843 F. Supp. 2d at 1095. Further, to the extent Plaintiffs' as-applied Commerce Clause claim asserts the 2015 LCFS has discriminatory effects, Plaintiffs will be required to provide evidence of those effects to succeed on the claim. *See* MTD Order, 2015 WL 5096279, at *31.

such evidence now precludes them from asserting their as-applied claims against the 2015 LCFS. Generally, that finding would have preclusive effect here under the law of the case doctrine. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the doctrine of the law of the case absent one of the [exceptions] constitutes an abuse of discretion."). However, the doctrine has three exceptions:

> (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

*Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (en banc).

Though Plaintiffs do not explicitly mention these exceptions, they effectively argue the second one applies here. The "intervening controlling authority" exception "includes changes in statutory as well as case law." *Id.* at 1489 n.1. The change in the law, however, must be material. *See, e.g.*, *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) ("Relying on the second exception (i.e., material change in controlling authority) . . ."); *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 68-69 (3d Cir. 1999) (applying "intervening change in law" exception to the law of the case doctrine after identifying how relevant statute was materially altered upon amendment). Accordingly, whether the exception applies here turns on whether the 2015 LCFS is materially different from the Original LCFS.

Plaintiffs appear to suggest that *any* change in the relevant law constitutes a material change that triggers the exception (and renders the law of the case inapplicable) because "[a] regulation that amends an earlier regulation necessarily makes a material change." Doc. 366 at 4. Under Plaintiffs' understanding of the law of the case doctrine, a non-substantive change in a statute's punctuation would render case law about that statute meaningless. Plaintiffs provide no authority for such a sweeping proposition, and the Court cannot locate any. In all of the cases Plaintiffs cite to support their position,

the relevant law had been materially changed—or repealed entirely.[11] The law of the case doctrine would be gutted if any change to comprehensive legislation, however minor or irrelevant, rendered decisions based on the original legislation inapplicable under the doctrine.

Here, though the 2015 LCFS replaced the Original LCFS, there is no indication that the two pieces of legislation are materially different relative to the claims in this case. In their initial brief, Plaintiffs at times suggest that there is no material difference between the two. For instance, they argue:

> Although the LCFS has been amended, it still suffers from the same constitutional flaws as the earlier version of the regulations. As before, the LCFS treats identical ethanol differently depending on how it was produced and does not respect Congress's decision to grandfather pre-2007 facilities. In fact, CARB has conceded that the "framework" is essentially unchanged.

Doc. 358-1 at 6. Plaintiffs nonetheless go on to argue that the 2015 LCFS "is substantially different from the [Original LCFS] in form," *id.* at 9, though they provide no meaningful explanation in support.

In its Order requesting supplemental briefing from the parties, the Court explicitly directed the parties to provide a reasoned explanation as to whether the 2015 LCFS is materially different from the Original LCFS. *See* Doc. 365 at 4. In their supplemental brief, Plaintiffs again stated that the two regulations have the same framework, but that there are "some material differences" between them. Doc. 366 at 3. Plaintiffs, however, do not provide <u>any</u> explanation of those purported differences, much less how they are material, in either the PTAC or their briefs. In fact, Plaintiffs argue that the 2015 LCFS "has not cured the scheme's legal infirmities," suggesting that it allegedly suffers from the same constitutional problems as did the Original LCFS. Doc. 366 at 3. This comports with Defendants' representation that they "are not aware of any changes to the 2015 LCFS that could be material to this Court's previous determination that the 'Farmer Plaintiffs' failed to establish any injury from the LCFS." Doc. 367 at 7.

---

[11] *See, e.g.*, *Diffenderfer v. Central Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 414-15 (1972) ("The only relief sought in the complaint was a declaratory judgment that the now repealed Fla. Stat. s 192.06(4) is unconstitutional . . . . This relief is, of course, inappropriate now that the statute has been repealed."); *Church of Scientology Flag Service Org. v. City of Clearwater*, 777 F.2d 598, 605-06 & n.22 (11th Cir. 1985) (holding that "substantial modifications" to and repeal of challenged ordinance rendered lawsuit against the ordinance moot).

Simply put, Plaintiffs have not provided any reason why the Court's standing findings in *RMFU Ethanol* do not apply here. The Court therefore concludes the Farmer Plaintiffs lack standing to assert their proposed as-applied claims under the law of the case. Accordingly, the Court DENIES their motion to amend to add those claims.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS the AFPM Plaintiffs' motion to amend (Doc. 355) and GRANTS IN PART AND DENIES IN PART the RMFU Plaintiffs' motion to amend (Doc. 358). Of the RMFU Plaintiffs, Growth Energy is permitted to pursue its as-applied claims, but the Farmer Plaintiffs are not. Any amended complaint shall be filed on or before June 24, 2016.

IT IS SO ORDERED.

Dated: **June 13, 2016**          /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE